[S. F. No. 3768.    Department One.—July 29, 1904.]

# H. A. THOMPSON, Appellant, v. BOARD OF TRUSTEES OF CITY OF ALAMEDA et al., Respondents.

MUNICIPAL CORPORATIONS—POWERS OF MUNICIPAL BOARD—DIVESTITURE OF FUTURE POWER.—It is beyond the powers of a municipal board, by ordinance or otherwise, to divest itself and succeeding boards for a longer or shorter period of powers vested in it by the general law; and whatever power it may have to bind itself, it cannot bind its successors by any ordinance providing for a condition precedent to legislative action.

ID.—REFERENDUM ORDINANCE NOT MANDATORY—WRIT OF MANDATE.—A municipal ordinance providing that "whenever ten per cent of the legal voters of the city . . . shall petition in writing therefor, the board of trustees shall submit to said voters such proposition of local public interest as may be specified in said petition," etc., and that "the result . . . shall be regarded by the trustees . . . as advisory of the line of action of the board," is not mandatory; and a writ of mandate will not lie, under a petition of more than ten per cent of the legal voters of the city, to compel the submission of a franchise to the voters thereof and to compel the board to refrain from granting the same without such submission.

APPEAL from a judgment of the Superior Court of Alameda County. W. E. Greene, Judge.

The facts are stated in the opinion.

Thomas K. Kase, for Appellant.

M. W. Simpson, for Respondents.

SMITH, C.—This is a suit for *mandamus* against the board of trustees of the city of Alameda and the trustees individu-

ally. The case involves the effect of an ordinance of the defendant board, and the refusal of the board to comply with its terms.

The ordinance, so far as material, is as follows:—

Section 1: "Whenever ten per cent of the legal voters of the city of Alameda shall petition in writing therefor, the board of trustees shall submit to said voters such proposition of local public interest as may be specified in said petition, said submission to be made for the purpose of enabling the. said voters to express their approval or disapproval of the question so to be voted upon, and to be made in the form and manner in this ordinance hereinafter provided."

Sections 3 and 4 provide for the submission of the question to be voted on to the voters at "any general or municipal election," and the duties of the city clerk thereto.

Section 5: "The result . . . shall be regarded by the trustees . . . as advisory of the line of action of said board."

Under this ordinance a petition was filed with the board signed by six hundred, or more than ten per cent; of the legal voters of the city, praying the board to submit to the voters at "a special election" certain propositions therein specified "of local public interest," relating to proposed railway franchises over certain streets. But "the defendants, it is alleged, have neglected and refused and still neglect and refuse to comply with said petition;" and it is further alleged, in effect, that the board intends to ignore the petition and the ordinance, and to give the franchise to one of certain railroad companies named in the petition. The prayer of the petition is for a mandate to the board to desist and refrain from granting the franchise in question to any corporation, and to comply with the ordinance.

The position of the appellant is, that the ordinance is mandatory, and that compliance with its provisions by the board of trustees is "a condition precedent to their acting legislatively, in awarding or refusing franchises to railroad corporations." But if this be the case, the effect of the ordinance would be in this and other cases where petitions may be filed, to suspend the legislative and discretionary powers of the board. The period of suspension, it is contended by respondents with apparent justice, would in all cases be until the next general or municipal election—that is to say, for a period

that might be two years, and in the present case in fact is over a year. This, indeed, is contested by the appellant's counsel, who claims that the ordinance provides for special elections when deemed by the board desirable. But we deem it immaterial whether the longer or the shorter period be taken. In either case it is obvious that it was beyond the powers of the board by ordinance or otherwise to divest itself and succeeding boards, for a longer or a shorter period, of powers vested in it by the general law for the benefit of its constituents. For this would be to repeal *pro tanto* the general law. Nor, if this objection could be obviated, would it have been competent for the board thus to bind its successors. (Broom's Leg. Max. *Leges posteriores,* etc.; *Kellogg* v. *Oshkosh,* 14 Wis. 623, 628, *Brightman* v. *Kirkner,* 22 Wis. 54, 58.)

But we do not think it necessary to give to the ordinance such a construction. The words "the board of trustees *shall* submit to said voters," etc., are not necessarily to be construed as mandatory (Bouvier's Law Dictionary, "shall"; *Railroad Co.* v. *Hecht,* 95 U. S. 170) ; and in the present case there is no reason to suppose that they were so intended. It is more reasonable to suppose that the ordinance was intended as a mere rule of procedure for the guidance of the board, and as such to be observed or disregarded by the board in its discretion, as circumstances might require. Whether, as thus construed, it was within the power of the board to enact it, or in other words, whether it is in the power of the board to provide for the submission of questions of this kind to the voters of the city (a question largely discussed in the briefs), it is unnecessary in this case to determine.

We advise that the judgment appealed from be affirmed.

Chipman, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Van Dyke, J., Shaw, J., Angellotti, J.