[L. A. No. 3392. In Bank.—September 3, 1913.]

## W. C. McNEIL et al., Respondents, v. CITY OF SOUTH PASADENA et al., Appellants; PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Respondent.

MUNICIPAL CORPORATIONS—IMPROVEMENT OF STREETS—POWER CANNOT BE IMPAIRED.—The improvement, regulation, and control of the highways within a municipality call for the exercise of a delegated governmental power, a function which the municipality itself, neither by ordinance nor by contract, can surrender or impair.

ID.—CONTRACT WITH ADJOINING OWNER TO IMPROVE STREET—POWER TO IMPROVE UNDER VROOMAN ACT.—A municipality, by entering into a contract with the owner of land adjoining a public street, whereby such owner undertook to improve a portion of the street at its own expense, did not surrender or impair the power delegated to it by the so-called Vrooman Act of causing the street to be improved in accordance with the provisions of that act.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

John E. Carson, N. W. Bell, and W. S. Wright, for Appellants.

George H. Woodruff, for Plaintiffs and Respondents.

J. W. McKinley, Frank Karr, and A. W. Ashburn, Jr., for Respondent Pacific Electric Railway Company.

HENSHAW, J.—By this action plaintiffs sought and obtained an injunction restraining the defendant from improving Huntington drive, a public street of the defendant, the city of South Pasadena. The public highway sought to be improved consists of two parallel driveways separated by a strip of land eighty feet in width owned by the defendant, Pacific Electric Railway Company as a private right of way for its four-track railway system which leads from the city of Los Angeles to the city of South Pasadena. All of this eighty-foot strip, saving where it crosses intersecting highways of the city of South Pasadena, is owned in fee by the Pacific Electric Company. Over the intersecting streets it holds a franchise for its right of way. In October, 1910, the application of the Pacific Electric Railway Company for a franchise to carry freight over its right of way on Huntington Avenue in the corporate limits of the city of South Pasadena was granted and a contract was entered into between the city and the railway company by which the latter agreed that it would at its own cost and expense pave one-fourth in area of each side of Huntington drive immediately adjoining its right of way for the entire length of the right of way along Huntington drive; that this paving would be done at the same time and at equal pace with the paving of the remaining three-fourths; that the material used would be of the same kind and quality as was used for the remainder of the street, and that the work would be done under the same specifications and to the satisfaction of the street superintendent. This contract was entered into at a time when doubt existed as to the legality of an assessment for street improvements sought to be cast upon the fee of land burdened by the servitude of an operating right of way for a railway company. (See *Southern Cal. Ry. Co.*

v. *Workman,* 146 Cal. 80, [2 Ann. Cas. 583, 79 Pac. 586, 82 Pac. 79].)    In April, 1911, existing doubts were set at rest by an amendment to the general street law, expressly authorizing the assessment of rights of way and subjecting such rights of way to sale for nonpayment of assessments.    (Stats. 1911, p. 742, sec. 20, subd. 11.)

In 1912 the Pacific Electric Railway Company, not having been called upon theretofore to comply with its contract for the paving of one-fourth of Huntington drive, the city of South Pasadena took the necessary steps under the Vrooman Act to improve the whole of Huntington drive, delimited an assessment district and awarded the contract for the work to defendant Holloway.    The defendant Holloway and the defendant Pierce, the street superintendent, had entered into a contract for the doing of the work, and Holloway had actually commenced or was upon the point of commencing work when enjoined by this action.

The court found the facts as above set forth, found that the contract between the city of South Pasadena and the Pacific Electric Railway Company had not been executed or terminated and was in full force and effect, and that the city had not called upon the Pacific Electric Railway Company to perform its contract to pave one-fourth of Huntington drive.    As matter of law the court concluded that by the making and present existence of the contract between the city and the railway company ''and by reason of the latter's obligation to pave one-fourth of said street, the city had exhausted its power and was without any power whatever to pass and adopt a resolution of intention to do the work provided for by the said contract with the railway company,'' and that consequently the contract awarded by the city to the defendant Holloway for the improvement of the whole of the street was null and void.

The conclusion which the learned court thus reached and expressed cannot be sustained.    The improvement, regulation, and control of the highways within a municipality call for the exercise of a delegated governmental power, a function which the municipality itself, neither by ordinance nor by contract, can surrender or impair.    The city of South Pasadena draws its powers from the general laws—the Vrooman Act.    It is its duty to exercise those powers upon every proper occasion.

It could as well attempt to surrender all or part of its police powers as to attempt to bind itself not to perform the administrative duty and trust in regard to its public streets imposed upon it by general law.   So fundamental is this proposition, so universal is its application, that it is sufficient to refer to *San Francisco Gaslight Co.* v. *Dunn,* 62 Cal. 584; *Thompson* v. *Board of Supervisors,* 144 Cal. 283, [77 Pac. 951]; *Knoxville Water Co.* v. *Knoxville,* 200 U. S. 22, [50 L. Ed. 353, 26 Sup. Ct. Rep. 224]; Dillon's Municipal Corporations, 5th ed., par. 245; Abbott's Municipal Corporations, vol. 3, p. 867; Elliott's Roads and Streets, 3d ed., sec. 840.

The court's declaration that by its contract with the railway company the city of South Pasadena had "exhausted its power" with reference to the one-quarter of the street contracted to be paved by the railway company, can only mean that the city could not order this work done in consonance with the Vrooman Act—a conclusion which, we have said, necessarily involves a surrender of street control and an abnegation of the city's governmental and administrative power over the streets.   This inevitable conclusion, however, it should be noted, is not founded upon an invalidity in the contract between the city and the Pacific Electric Railway Company.   In the nature of things, it would be of great advantage to a municipality if a citizen, for proper considerations, should agree to pave all of any named street, and the city might well enter into a contract that this should be done.   This contract might be valid and binding, but it would not be valid and binding in the sense that it would ever be held that the city had thereby abandoned its control over this particular street and its right to order the work performed under the terms of the Vrooman Act.   Whatever form the assessment might take in the instance cited, no one could question but that the equities of the case would demand that all of the cost should ultimately be borne by the party agreeing to do or to pay the expense of doing the whole work.   So here the question of the apportionment of the cost may involve factors of difficulty, but its consideration is not before us at this time, for the sole question here is that presented by the injunctive judgment of the court, holding that by virtue of such a contract the city has surrendered governmental control touching the improvement of a portion of one of its public highways.

For the foregoing reasons the judgment appealed from is reversed, with directions to the court, upon its findings actually made, to render judgment for the appellants.

Shaw, J., Angellotti, J., Sloss, J., Lorigan, J., and Melvin, J., concurred.