[Civ. No. 1669.   First Appellate District.—April 19, 1915.]

## ELBERT R. BENNETT, Petitioner, v. T. W. DRULLARD et al., Respondents.

INITIATIVE PETITION—LIQUOR ORDINANCE OF CITY OF SANTA CRUZ—INCLUSION OF ALTERNATIVE PROPOSITIONS—VOID PETITON.—An initiative petition requesting the submission of an ordinance regulating the sale of alcoholic liquors in the city of Santa Cruz to the voters of that municipality, is void and unauthorized by the provisions of the charter of such city, where there is contained in the petition in addition to the proposed ordinance, two alternative propositions which, if approved by the voters, were to be substituted for and to take the place of two sections of the proposed ordinance.

ID.—ALTERATION OF PETITION—ELIMINATION OF ALTERNATIVE PROPOSITIONS—LACK OF POWER OF MUNICIPAL OFFICERS.—The municipal authorities of the city of Santa Cruz have no power to alter such an initiative petition by striking therefrom the void alternative propositions and submitting the remainder of the petition containing the proposed ordinance to the voters of the municipality.

APPEAL from a judgment of the Superior Court of the County of Santa Cruz denying an application for a writ of mandate. Benj. K. Knight, Judge.

The facts are stated in the opinion of the court.

Ralph H. Smith, for Petitioner.

J. Leslie Johnston, for Respondents.

THE COURT.—This is an appeal from the judgment of the superior court of the county of Santa Cruz, denying the application of the appellant for a writ of mandate, directed to the city council and city clerk of the city of Santa Cruz,

commanding them to submit a certain initiative ordinance to the electors of said city, to be voted upon by them at the next municipal election.

The ordinance referred to in the petition relates and purports to make unlawful the sale of alcoholic liquor in said city. Accompanying this proposed ordinance, which consists of several sections, and embraced in the same initiative petition, are two alternative propositions purporting to make certain changes in the form and effect of sections 6 and 7 of the main ordinance, and which the petitioners also seek to have submitted and voted upon at said election. The appellant's application for a writ of mandate to compel the submission of said initiative ordinance and of said alternative propositions was denied by the superior court, and, in the opinion of this court, was properly denied for the reasons which were set forth by the judge of said court in a written opinion accompanying the order denying the same, which opinion is hereby approved and adopted as the opinion of this court, and which reads as follows:

"On March 4, 1915, under the initiative provisions of the freeholders' charter of the city of Santa Cruz a certain petition was presented to and filed with the city clerk of said city, containing proposed legislation to be submitted to the electors of said city at the coming general municipal election on May 4th, 1915. The city council and city clerk refuse to allow said proposed legislation to be placed upon the ballots. The petitioner now seeks to compel such action by *mandamus.*

"The initiative petition in question, after the preamble thereof, sets forth an ordinance in its entirety. The first section of the ordinance prohibits the sale of liquors, the keeping of any establishment for the sale thereof, or the taking of any orders therefor within the city of Santa Cruz. Section 2 enumerates certain exceptions. The sixth exemption is the keeping of liquors on the premises where manufactured, but the same must be sold and delivered outside of the city. The remaining sections of the ordinance pertain to matters incidental to its enforcement. Then follows what is designated as 'Alternative Proposition No. 1,' in the following words:

"'You are also requested and required to submit to the electors of the city of Santa Cruz at said next general municipal election the question of the adoption of an alternative

proposition hereinafter stated; that said alternative proposition shall, if approved by a vote of the qualified electors at said election, be submitted for and take the place of paragraph six of section II of said ordinance; and said alternative proposition shall be submitted to the voters for their approval or rejection in the following form:

" 'Shall the alternative proposition designated as paragraph six of section II, providing for the sale and delivery of alcoholic liquor by manufacturing establishments take the place of paragraph six of section II as set forth in the body of the ordinance?'

"Said alternative proposition is as follows:

"The substance of Alternative Proposition No. 1 is to exempt the sale of liquors in the city by the manufacturers thereof in quantities of not less than two gallons and if delivered at the permanent residence of the person so purchasing.

"Following this is Alternative Proposition No. 2, with the request substantially in the same wording as the request preceding Alternative Proposition No. 1, and the substance of Alternative Proposition No. 2, is to exempt the sale of liquors in hotels and restaurants. The political reasons urged for and against the adoption of the ordinance and the alternative propositions then follow, and thereafter follow the certificate of the elector and the jurat of the notary.

"It is conceded that the initiative petition has a sufficient number of signatures attached to it, but the refusal of the city authorities to place the same upon the ballot is based upon the following grounds:

"1.   That the ordinance therein set forth has no title.

"2.   That in said ordinance it is provided that the same shall not take effect until October 1st, 1915, which respondents claim is in conflict with the charter provisions, which provide that initiative measures shall, if carried, go into effect as a valid and binding ordinance ten days after the official count shall have been determined.

"3.   That said initiative petition contains matters, to wit, two so-called "alternative propositions," which render the whole petition void.

"The objection last above stated is the serious one, and the court will confine its decision to such point alone.

"The first question arising thereunder is whether or not the two alternative propositions are void, that is, are they in their

present form authorized by law to be submitted under the initiative ?

"Counsel for petitioner concedes that there is no provision of law authorizing the submission of such propositions, and he further concedes .that they are probably void. There is no doubt of it in the mind of the court, and the same being void neither can go upon the ballot.

"But it is now claimed that said alternative propositions are in fact ordinances distinct in themselves, and that the initiative petition should be treated as containing three ordinances instead of one, and the last two being void, that the respondents should disregard them as being surplusage, and submit to the voters the part of the petition which might be valid.

"To allow this to be done would be to establish a precedent, first, that in one initiative petition may be contained several ordinances, even though they might be contradictory to each other; and, secondly, that before submitting to the people the legislation petitioned for, whether it is one or more ordinances, the municipal authorities must pass upon the petition for its illegal parts, and if in their opinion parts of it are void, that they should eliminate such parts and submit what is left to the voters.

"The answer to all of these questions depends almost entirely upon the provisions of the city charter. It is agreed by the parties to this proceeding that the charter is a grant of the powers and not a limitation, so that no act can be legally exercised thereunder unless such act finds express authority in the charter itself, or is implied from some of its express terms. There can be no doubt of this rule. McQuillin on Municipal Corporations, vol. I, p. 783, announced the rule as follows:

"'A corporation being a mere creature of law, possesses only those properties which the charter confers upon it, either expressly or as incidental to its very existence.'

"The author further states: 'As relates to the exercise of powers it is generally regarded that corporations have none of the elements of sovereignty; that they cannot go beyond the powers granted them, and that they must exercise such granted powers in a reasonable manner. These are legal propositions which cannot be disputed.'

"On the first point, that is, the claim that an initiative petition may contain more than one ordinance, no provision of the city charter to that effect has been shown to the court, and

after a somewhat exhaustive search the court has been unable to find any. On the contrary, in every section throughout the article of the charter dealing with the initiative the singular, 'ordinance,' is used, and there is nothing contained in said sections which gives the slightest encouragement to the claim of petitioner.

"But it makes no difference, so far as this court can see, whether said alternative propositions had a legal or an illegal place in the initiative petition, because it is conceded, or virtually so, that in their present form they are void. Now the question is, Is there any duty specially enjoined upon the respondents to segregate the parts that are void from the parts that would otherwise be valid, and submit the valid parts to the voters? Indeed, have the respondents any lawful right at all to change the initiative petition in any manner whatsoever? This court believes that for both moral and legal reasons such duty or privilege does not exist.

"Here is a power granted unto the people, to propose their own laws for adoption, provided certain legal procedure be followed to properly place said laws before the voters. Assume, if you please, that certain features are included in such proposed laws or in connection therewith, which appealed to the voter, and in fact served as the controlling influence inducing him to sign the petition. Has he not the right to assume, and should not the law protect him in the assumption, that he will have the opportunity and right to vote for the matters which he has petitioned for? Or, shall the law permit the alteration of the measures which he has proposed and petitioned for, to the extent that he will be unable to recognize the same when he comes to cast his ballot?

"In fact, is not the whole theory of initiative legislation based upon the security that the legislation proposed and petitioned for by the people shall be voted upon at the polls by them without interference, revision or mutilation by any official or set of officials?

"If the scheme of revision of iniative measures by city authorities be correct, as claimed by counsel for the petitioner, where is it going to end? It will undoubtedly result in a premium on fraud, because it will permit unscrupulous persons to secure signatures under false representations and pretenses, based upon matters incorporated in the petition, and it will give to city officials power to raise real or imaginary legal defects

in laws about to be submitted to the people, and permit them to alter the same at will. If they have the right to eliminate any part of the proposed law contained in the petition, they also undoubtedly have the right to add to, change, or revise them in any particular, and their ideas of the legality of such measures or parts of measures may be right or may be wrong, and they may be honest or they may be dishonest. Where is the limitation to be?

"The court does not wish to be understood as saying that there has been the slightest misrepresentation or fraud in connection with the initiative petition under consideration. On the contrary, it believes that the utmost good faith and honesty of purpose have actuated every phase in connection therewith; but it desires to point out the dangerous precedent that will be established if it holds that initiative petitions can be altered in any manner after the same have been filed with the municipal authorities.

It might be said, as claimed by the petitioner, that while the city officials have the power to eliminate a part of an initiative petition, which part is not an integral part of the ordinance therein set forth, or to strike therefrom a second or third ordinance, on the ground of the invalidity thereof, that they would have no power to alter the integral part of a complete ordinance therein set forth. But the answer to this is that whether they strike out a part of the petition, or make an amendment by revision, elimination, or insertion, to a complete ordinance therein set forth, the people will thereafter vote on something that was not petitioned for, and therefore the result is exactly the same.

In the present case the electors petitioned for and believed that they were going to have placed before the people measures by the terms of which the liquor traffic of the city of Santa Cruz would be regulated in a certain specified manner; and now, because certain parts of the petition are void, it is claimed that the municipality must place before the voters the remaining portion of the petition, which consists of an ordinance which would, if carried, regulate the liquor traffic in an entirely different way. To permit this would, in the opinion of the court, be manifestly unjust and unfair.

"Counsel for the petitioner has rightfully called to the court's attention the fact that the petition of hundreds of voters should not, except for strong legal reasons, be set aside.

The court has been guided by this feeling throughout its consideration of these proceedings; and it feels that, were it to grant the writ as prayed for, it would be doing exactly that which counsel for the petitioner has requested the court not to do, because, were it to adopt any other conclusion than the one reached and hereinabove expressed, it would be directing something to be placed on the ballot which the hundreds of voters did not petition for at all, and it would necessarily follow that the court would be doing an unfair and an unjust act toward them.

"If the municipal authorities have the right to alter an initiative petition at all, as claimed by petitioner, they would have the authority, if they felt so inclined, after striking out the alternative propositions mentioned, to insert an amendment in the remaining original ordinance, whereby such ordinance would be given an entirely different character from the one they desired to have placed before the voters, and one which has not been petitioned for at all. Would counsel for petitioner then say that such action on the part of the municipal authorities would be legal or fair? And yet the principle involved is to all intents the same. That it was the intention of the framers of the charter to prevent any change being made in initiative petitions after they were filed with the municipal authorities, is conclusively shown by the provision in the charter which absolutely forbids it in the following words: 'It (the council) must either adopt or enact such measure without alteration, or submit the same to the electorate.'

"Initiative legislation is practically of recent origin, and there have been but few supreme court decisions rendered upon it. Therefore, in its consideration of the question here involved the court has had no opportunity to be guided by court precedents; but in the absence of such it has tried to base its decision upon its own ideas of the principles of justice and fairness.

"As above stated, the whole theory of direct legislation, as the court understands it, is that the people have the right to propose their own laws, and to vote upon them as proposed, without having the same altered in any manner whatever by any person or persons whomsoever. . . .

"The court's conclusions are:—

"1. That the so-called alternative propositions are **void**.

"2.   That their inclusion in the petition renders the entire petition void.

"3.   That there is no duty specially enjoined by law upon the council or the city clerk to eliminate the parts of the petition that are void and submit to the electorate the remainder of the petition.

"4.   That the council and the city clerk have no authority whatever to alter the petition."

For the foregoing reasons the judgment is affirmed.