[Sac. No. 3811. In Bank.—August 15, 1927.]

FRANK B. BRIARE, Respondent, v. D. J. MATTHEWS, as Auditor of the City of Stockton, and T. B. LITTLE- TON, as Treasurer of the City of Stockton, et al., Appellants.

[1] MUNICIPAL CORPORATIONS—POWER OF CITY COUNCIL—APPOINTMENT OF POLICE OFFICERS—QUALIFICATIONS PRESCRIBED BY ORDINANCE.— The city council of a city operating under a freeholders' charter cannot by ordinance limit the power over the police department given it in the charter to such an extent that an appointment legal by the terms of the charter is rendered invalid and void by fail- ure to comply with the standards fixed by an ordinance in refer- ence to the qualifications of a police officer.

[2] ID.—RULES AND REGULATIONS FOR POLICE DEPARTMENT—POWERS OF CITY COUNCIL. — The city council of a city operating under a freeholders' charter which is given power by the charter to organ- ize and maintain the police department has the power to make reasonable rules and regulations for the government of the police department, but these rules are simply for the convenience of the council and to enable it to better direct the affairs of said de- partment, and they cannot be considered mandatory to the extent of divesting the council of any right or power conferred upon it either by the charter or by statutory or constitutional enactment.

[3] ID.—APPOINTMENT OF COUNCILMAN TO POLICE FORCE—RAISING OF SALARY DURING INCUMBENCY OF OFFICE—ILLEGAL APPOINTMENT.— Where the express provisions of the charter of a city prohibit the appointment of a member of the council to any office the compen- sation of which was increased by the council while he was a member thereof, and until one year after the expiration of the term for which he was elected, the appointment of a member of the council to the police force immediately upon his resigning

from the council, which had raised the compensation of the members of the police force while he was a member thereof, was illegal and gave him no right to receive any salary for his services rendered thereunder.

[4] ID. — CONTROL OF LITIGATION — POWER OF COUNCIL — ACTION BY TAXPAYER TO RECOVER ILLEGAL FEES — DEMAND UPON AUTHORITIES. Where the charter of a city gives the city council control of all litigation, it authorizes the council to determine what litigation shall be commenced as well as to how it shall be prosecuted thereafter, and a demand by a taxpayer to institute action to recover money claimed to have been illegally paid should be made upon the council and not upon the city attorney, but such a demand is unnecessary where the complaint filed by the taxpayer sufficiently shows that such a demand would have been useless.

[5] ID. — ILLEGAL CLAIM — KNOWLEDGE OF OFFICER. — In an action by a taxpayer of a city against the auditor, treasurer, and their respective bondsmen and two persons whose appointment to the police force are alleged to have been illegal, to recover compensation paid to the latter, the claim that the evidence was insufficient to support the finding that the auditor and the treasurer audited and paid the claims with knowledge of their illegal nature and that the persons to whom the same were paid were not legally entitled to payment thereof, cannot be maintained, where the auditor and treasurer were members of the city council and must have had knowledge that the salaries of the police force were increased while one of the appointees was a member of the council.

[6] ID. — PLEADING — SEPARATE CAUSE OF ACTION — DEMURRER. — In such an action, where the complaint contains two causes of action separately stated — one relating to the payment to one of the appointees and the other relating to the payment to the other appointee — special demurrers to the complaint on the ground that two causes were improperly united should have been sustained.

---

(1) 43 **C. J.**, p. 764, n. 10. (4) 28 **Cyc.**, p. 1745, n. 38, 39. (5) 28 **Cyc.**, p. 1748, n. 78. (6) 1 **C. J.**, p. 1085, n. 25.

APPEAL from a judgment of the Superior Court of San Joaquin County. C. W. Miller, Judge. Reversed.

The facts are stated in the opinion of the court.

Warren Atherton and A. P. Hayne for Appellants.

---

4. See 18 Cal. Jur. 1130; 19 R. C. L. 1167.
6. See 1 Cal. Jur. 359; 1 R. C. L. 364.

Vincent W. Hallinan for Respondent.

CURTIS, J.—This action was instituted by a citizen and taxpayer of the city of Stockton against the city auditor and his surety, the city treasurer and his surety, C. O. Smith, Madeline Fotheringham and her husband, John Doe Fotheringham, to recover certain amounts of money which said officers had paid to the said C. O. Smith and Madeline Fotheringham, respectively, as salaries during the time said Smith and Fotheringham were serving as members of the police force of said city of Stockton. It was alleged, and the court found, that the appointment of each of said persons was illegal, and that all money paid them as salaries was illegally paid and directed that the same be repaid into the city treasury of said city. The ground upon which Smith's appointment and tenure of office was found to be invalid, was that just prior to his appointment he was a member of the city council of said city and while a member thereof said city council voted to increase the compensation of the members of the police force of said city, and furthermore, that Smith was over the age of thirty-five years at the time of his appointment. The ground upon which Fotheringham's appointment was held to be invalid was that at the time of her appointment she was over the age of thirty-five years and had not at the time of her appointment been a resident of said city for the period of two years immediately prior thereto. From the judgment in favor of plaintiff the defendants have appealed.

During all the times herein mentioned the city of Stockton has been governed by a freeholders' charter. It provides for what is commonly known as a commission form of municipal government. The city council consists of the mayor and four councilmen. One of said councilmen is designated and acts as commissioner of finance and is *ex-officio* treasurer of said city, one is designated and acts as commissioner of audit and is *ex-officio* auditor of said city, one is designated and acts as commissioner of public health and safety, and one as commissioner of public works. The council by section 72, subdivision 5, of the charter is given power ''To organize and maintain police and fire depart-

ments." Section 48 of the charter provides that no member of the council shall be elected or appointed to any office, the compensation of which is increased by the council while he was a member thereof, until one year after the expiration of the term for which he was elected. By ordinance the council adopted certain rules and regulations for the government of the police department of said city. Rule 2 of said rules and regulations provided that: "The Police Force is under the general control and direction of the Commissioner of Public Health and Safety who has authority to appoint the Chief of Police and all members of the Police Department subject to the provisions of the City Charter and the approval of the City Council." By rule 30 it is provided that patrolmen shall be appointed by the commissioner of public health and safety and approved by the council. "They are required to be between the ages of twenty-five and thirty-five years and not less than five feet nine inches in height, sound of body and mind, of good moral character and residents of the City of Stockton for a period of not less than two years."

It was plaintiff's contention at the trial, and the court evidently agreed with him, that the appointment of Smith was in violation of section 48 of the charter and of rule 30 of said rules and regulations adopted by the council and that the appointment of Fotheringham was in violation of said rule 30.

[1] We will first consider the validity of the appointment of Mrs. Fotheringham. It will be noted that it is not claimed that her appointment violated any provision of the charter. The only respect in which it is contended it is illegal is that she failed to meet the requirements of rule 30 as to her age and residence, rule 30 having been adopted by ordinance passed by said council. The question, therefore, is presented as to the binding effect of this ordinance upon the council and the commissioner of public health and safety. But as the charter gives to the council the power to organize and maintain the police departments and the only authority under which the commissioner of public health and safety acts in reference to this department is derived from the ordinance, and, furthermore, as the power is reserved in said ordinance to the council to approve appointments to the police department made by

said commissioner, the real question presented is the binding effect of said ordinance upon said council. Can the council by ordinance limit the power over the police department given it in the charter to such an extent that an appointment legal by the terms of the charter is rendered invalid and void by its failure to comply with the standards fixed by the ordinance? Somewhat of a similar question was before this court in the case of *Higgins* v. *Cole,* 100 Cal. 260 [34 Pac. 678]. The board of trustees of the city of Fresno had appointed a chief of the fire department of said city. The city was then acting under the Municipal Corporation Act of 1883, under which the board of trustees was given full authority over the fire department. At the time of the appointment of said fire chief there was an ordinance of said city in effect providing that the chief of the fire department should hold office for the term of one year or until his successor was appointed and qualified. Some three months after the appointment of said chief of the fire department, the board of trustees passed a resolution declaring the position vacant and appointing another person to fill the same. It was claimed by the first appointee that the term of his office had been fixed at one year by the ordinance, and that the board of trustees was without power to declare the office vacant and appoint his successor until the expiration of said year. This court, on page 264 of the opinion, said:

"The ordinance, in effect, provided that the chief should be appointed to hold office for one year, or until his successor should be appointed and qualified. This, as we understand it, must be construed as declaring that the term of office shall continue until a successor is elected and qualified, and not necessarily for a full year. And under the statute providing that the trustees may 'appoint and remove such policemen and other subordinate officers as they may deem proper,' it would seem that they had no power to limit their right of removal. . . .

"As the term of office of the chief of the fire department was not fixed by the constitution nor declared by law, it must be held that appellant's term continued only during the pleasure of the appointing power, and that he was rightly removed."

In *Thompson* v. *Board of Trustees,* 144 Cal. 281 [77 Pac. 951], the facts show that the board of trustees of the city of Alameda adopted an ordinance providing that whenever a petition signed by a certain per cent of the voters of said city asked for the submission to the voters of said city of any proposition of local interest, the board of trustees should submit said proposition to said voters at the next general or municipal election to be held therein; that such a petition had been filed with said board of trustees and said board had refused to call said election, but was proceeding to act upon the matters set forth in said proposition without submitting the same to the vote of the people and before the next general or special election to be held in said city. It was the plaintiff's contention in said action that the board by said ordinance had suspended its legislative and discretionary powers to act upon the matter set forth in said petition until the next election to be held in said city, and he asked for a mandate directed to said board that it desist and refrain from acting upon said matter and comply with said ordinance. In denying relief to the plaintiff this court, on page 282 of the opinion, said:

"The position of the appellant is, that the ordinance is mandatory, and that compliance with its provisions by the board of trustees is 'a condition precedent to their acting legislatively, in awarding or refusing franchises to railroad corporations.' But if this be the case, the effect of the ordinance would be in this and other cases where petitions may be filed, to suspend the legislative and discretionary powers of the board. The period of suspension, it is contended by respondents with apparent justice, would in all cases be until the next general or municipal election—that is to say, for a period that might be two years, and in the present case in fact is over a year. This, indeed, is contested by the appellant's counsel, who claims that the ordinance provides for special elections when deemed by the board desirable. But we deem it immaterial whether the longer or the shorter period be taken. In either case it is obvious that it was beyond the powers of the board by ordinance or otherwise to divest itself and succeeding boards, for a longer or shorter period, of powers vested in

it by the general law for the benefit of its constituents. For this would be to repeal *pro tanto* the general law. . . .

"But we do not think it necessary to give to the ordinance such a construction. The words 'the board of trustees *shall* submit to said voters,' etc., are not necessarily to be construed as mandatory (Bouvier's Law Dictionary, 'shall'; (*Cairo & F. R. R. Co.* v. *Hecht,* 95 U. S. 170 [24 L. Ed. 423, see, also, Rose's U. S. Notes]); and in the present case there is no reason to suppose that they were so intended. It is more reasonable to suppose that the ordinance was intended as a mere rule of procedure for the guidance of the board, and as such to be observed or disregarded by the board in its discretion, as circumstances might require."

In addition to these expressions from our own court we find the following statement from 28 Cyc. 412: "To be eligible to office, one must possess such qualifications as may be prescribed by the constitutional and statutory provisions. No qualifications, however, other than those imposed by the constitution or statute are necessary. Qualifications in addition to those imposed by charter cannot be imposed by ordinance." It seems clear from the foregoing authorities that the city council was without authority to limit by ordinance the power conferred upon it by the charter. It is conceded that except for said ordinance the appointment of Mrs. Fotheringham was legal and valid, or at least there was no evidence that she did not possess all the qualifications as required by the charter and general laws. It must be held, therefore, that her appointment was legal, it having been approved by the city council, which body was by the charter invested with complete authority over the police department. [2] It is not to be inferred from what we have said that the council may not make reasonable rules and regulations for the government of the police department. Undoubtedly it may. But these rules are simply for the convenience of the council and to enable it to better direct the affairs of said department. They cannot be considered mandatory to the extent of divesting the council of any right or power conferred upon it either by the charter or by statutory or constitutional enactment. This disposes of the judgment in so far as it directs the repayment to the city of Stockton of the money paid to

Mrs. Fotheringham. It also disposes of the contention that Smith's appointment was invalid by reason of his being over the age of thirty-five years at the time of his appointment. It in no way affects the finding, and the judgment based thereon, that Smith's appointment was illegal for the reason that he was a member of the city council at the time the compensation of the members of the police department was increased. [3] By express provisions of the charter he was ineligible to appointment to any office, the compensation of which was thus increased, until one year after the expiration of the term for which he had been elected. The evidence shows, and the court found, that he resigned from the council and was immediately appointed to the police force. His appointment was, therefore, illegal, and gave him no right to receive any salary for his services rendered thereunder.

[4] It is contended further by appellants that plaintiff cannot maintain this action for the reason that the complaint fails to show that he made any demand upon the city council to institute proceedings to recover the money thus illegally paid before the commencement of this action. It is alleged in the complaint that such a demand was made upon the city attorney and that this official refused to comply therewith. While the charter and an ordinance of said city authorizes the city attorney to bring and prosecute all actions on behalf of said city, the charter invests the city council with control of all litigation of the city. Under these provisions of the charter we would question the power of the city attorney to institute litigation of this character without the sanction and direction of the council. By giving the council control of all litigation the charter has authorized it to determine what litigation shall be commenced as well as to how it shall be prosecuted thereafter. After the council has once determined that an action on behalf of the city shall be instituted the charter then makes it the duty of the city attorney "to bring and prosecute" said action on behalf of the city, subject to the control thereof given by the charter to the city council. The demand, therefore, to institute this action on behalf of said city should have been made on the city council instead of on the city attorney. A demand,

however, in our opinion, in this case was not necessary. We think the facts alleged in the complaint sufficiently show that such a demand would have been useless, and when it appears from the complaint that a demand would have been unavailing, it is not required (*Mock* v. *City of Santa Rosa,* 126 Cal. 330 [58 Pac. 826]; *Osburn* v. *Stone,* 170 Cal. 480 [150 Pac. 367]).

[5] Appellants have argued that the evidence was insufficient to support the findings that the officers, the auditor and the treasurer, audited and paid the claims with knowledge of their illegal nature, and with knowledge that the persons to whom the same were paid were not legally entitled to payment thereof. While this argument might have some force when directed on behalf of the salary paid to Mrs. Fotheringham (which we have held to be legal for other reasons), it is entirely without weight in so far as the same affects the payment of the claims made to Smith. Both the auditor and the treasurer, as we have already seen, were members of the city council and must have had knowledge that the salaries of the police force were increased while Smith was a member of the council and that immediately thereupon Smith resigned from the council and was appointed to a position in the police department. The contention that the acts of the council in determining that Smith and Mrs. Fotheringham possessed the necessary qualifications as to age and residence cannot be legally attacked need not be passed upon, as in our opinion the lack of these qualifications, which had been created only by ordinance, would not and did not render their appointment illegal.

[6] The complaint in this action contained two causes of action separately stated—one relating to the payments made to Smith and the other relating to the payments made to Mrs. Fotheringham. Defendants demurred to the complaint on the ground that two causes were improperly united in this action. These demurrers were overruled. The precise question was before the district court of appeal in the case of *Hansen* v. *Carr,* 73 Cal. App. 511, 516 [238 Pac. 1048], and the court held that the demurrer was properly sustained. We are convinced that the case was correctly decided, and following it, we must hold that the

court erred in overruling the special demurrers to the complaint in this action.

For the reasons given herein the judgment is reversed, with directions to the trial court to sustain defendants' special demurrers with permission to plaintiff to amend his complaint as he may be advised.

Langdon, J., Seawell, J., Shenk, J., Preston, J., and Richards, J., concurred.