[Civ. No. 21632.    Second Dist., Div. One.    Mar. 26, 1956.]

DONALD Y. MITCHELL et al., Petitioners, v. JOSEPH H. WALKER et al., as Members of City Council etc., Respondents.

Howser, Coughlin & Schmitt and Fred N. Howser for Petitioners.

Homer H. Bell, City Attorney (Monrovia), O'Melveny & Myers, Pierce Works, Howard J. Deards and William D. Moore for Respondents.

NOURSE (Paul), J. pro tem.*—The plaintiffs, as residents and taxpayers of the city of Monrovia, a city of the sixth class, seek a writ of mandate to compel the defendants, as the council of that city, to submit to a vote of the electorate of the city an initiative ordinance which by proper petition had been submitted to the defendants and which they have refused to adopt.

On filing of the petition, we issued an alternative writ and the defendants have made return to that writ by demurrer and by answer. In view of the conclusion that we have reached, that the general demurrer must be sustained, it is unnecessary for us to consider the issues of fact tendered by the answer and the stipulation of facts filed by the parties.

The petition here alleges that prior to the filing of the initiative petition the city council duly adopted a resolution, which is now in effect, providing for a systematic classification and a standardization of the salaries of appointive officers and employees of the city; that on the 6th day of December, 1955, there was submitted to the city council a petition requesting that they adopt or submit to the electorate of the city an ordinance entitled ''An Ordinance of the People of the City of Monrovia, California, Establishing a Basic Salary Schedule for use in Fixing the Salary for City Policemen and City Firemen, not Otherwise Provided for by Charter, Ordinance, Resolution, and Amending all Present Existing Resolutions or Ordinances.'' The form of the ordinance is attached to the petition. The petition further alleges that the council has refused to adopt the ordinance or to submit the same to a vote of the people.

Defendants do not question the sufficiency of the petition, but claim (1) that the act of the council in fixing salaries is administrative rather than legislative in character, and (2) that the proposed ordinance would constitute a delegation by the council of its powers and an abandonment of those powers, and that therefore the ordinance is not one which might be enacted by the people through the initiative process.

Sections 3 and 4 of the ordinance contain the basic salary schedule referred to in the title of the ordinance, the remaining sections of the ordinance being entirely dependent upon and explanatory of these two sections, with the exception of a purported savings clause contained in section 9.

*Assigned by Chairman of Judicial Council.

Section 3 of the proposed ordinance provides first that the basic salary plan for "Police Department and Fire Department" is adopted. It then fixes the basic salaries to be paid to all officers and employees of the police and fire departments, and provides a five-step plan for advancement in pay for patrolmen and firemen.

Section 4 of the proposed ordinance provides that the basic salaries fixed by section 3 shall, commencing on July 1, 1956, and on the first day of each fiscal year thereafter, be increased or decreased by the city council in an amount equal to the percentage of increase or decrease that is paid or approved for payment to members of like or comparable grade or rank of the Los Angeles County Sheriff's Office and the Los Angeles County Fire Department for that current fiscal year.[1]

Section 36506 of the Government Code provides, "By resolution or ordinance, the city council *shall* fix the compensation of all appointive officers and employees. Such officers and employees hold office during the pleasure of the city council." [Emphasis added.]

There can be no doubt but that the section just quoted not only gives the city council power to fix the compensation of the appointive officers and employees of the city but makes it its duty so to do.

There is some question as to whether or not in exercising this power and performing this duty the council acts in an administrative or executive capacity rather than in a legislative one. In *Spencer* v. *City of Alhambra,* 44 Cal.App.2d 75 [111 P.2d 910], and in *Collins* v. *San Francisco,* 112 Cal. App.2d 719 [247 P.2d 362], it is held that a city council, in fixing salaries of officers and employees, acts in a legislative capacity. In both of these cases, however, the court was considering action taken by the city council in adopting ordinances and fixing salaries under the provisions of the charters of the cities concerned, and it appears to have been unnecessary in view of the charter provisions involved to decide whether or not the fixing of salaries was a legislative matter rather than an administrative one. On the other hand, in *Simpson* v. *Hite,* 36 Cal.2d 125 [222 P.2d 225], the Supreme Court held that the supervisors of the county of Los Angeles, in performing

[1]The charter of the county of Los Angeles makes no provision for a fire department. It does provide for a department of forester and fire warden, which is charged with the duty of fire fighting and prevention outside of fire protection districts.

a duty placed upon them by the Legislature, were acting in an administrative rather than a legislative capacity and in the performance of that duty were not subject to control by the electorate through the initiative.

It is unnecessary for us to decide here whether the act of the council of a city of the sixth class in fixing the salaries of appointive officers and employees is legislative or administrative in character; for in the case here, if such an act on their part is administrative in character then it is not the subject of an initiative proceeding (*Simpson* v. *Hite, supra,* p. 192; *Housing Authority* v. *Superior Court,* 35 Cal.2d 550, 557 [219 P.2d 457]; *Essick* v. *City of Los Angeles,* 34 Cal.2d 614, 624-625 [213 P.2d 492]). On the other hand, if the council, in fixing salaries, acts in its legislative capacity, the proposed ordinance would not constitute a valid exercise of that power and therefore could not be exercised by the electorate through their reserve power to initiate legislation.

It is only legislation that may be enacted by the legislative body itself which may be the subject of an initiative proceeding. That is to say, an initiative law must constitute such legislation as the legislative body to which it is presented for adoption might itself initiate and enact (*Hurst* v. *City of Burlingame,* 207 Cal. 134, 140 [277 P. 308]; *Newsom* v. *Board of Supervisors,* 205 Cal. 262 [270 P. 676]; *Galvin* v. *Board of Supervisors,* 195 Cal. 686 [235 P. 450]).

As we have heretofore said, section 36506 of the Government Code not only empowers the city council to fix the salaries of the city's officers and employees but makes it its duty so to do. In performing this duty it is required to exercise its discretion. In the exercise of that discretion it might and probably would give consideration not only to the salaries paid to officers and employees of the county of Los Angeles, but to those paid by other municipalities of comparable population and territorial extent, the duties and burdens placed upon the officers and employees, and the prevailing rates of wages in private employment. It could not refuse to fix compensation, nor could it fix the compensation at so low a figure that no one would discharge the duties of the positions. If it exercises this discretion and in good faith fixes the compensation for an office or position, its decision is final and is not subject to review by the courts (*DeMerritt* v. *Weldon,* 154 Cal. 545, 549, 552 [98 P. 537, 16 Ann.Cas. 955]; *Butler* v. *Williams,* 207 Cal. 732, 735 [279 P. 992]).

The council could not itself delegate the power given it to any other body (*Coulter* v. *Pool,* 187 Cal. 181, 190 [201 P. 120]; *People* v. *Wheeler,* 136 Cal. 652, 655 [69 P. 435]; *People* v. *Johnson,* 95 Cal. 471, 474 [31 P. 611]; *Dougherty* v. *Austin,* 94 Cal. 601, 606-607 [28 P. 834, 29 P. 1092, 16 L.R.A. 161]), nor could it abandon that power and refuse to perform the duty placed upon it by the statute or so act as to impede the future exercise of that power (*In re Collie,* 38 Cal.2d 396, 398 [240 P.2d 275]; *Briare* v. *Matthews,* 202 Cal. 1, 6 [258 P. 939]; *Thompson* v. *Board of Trustees,* 144 Cal. 281, 282-283 [77 P. 951]; *McNeil* v. *City of South Pasadena,* 166 Cal. 153, 155-156 [135 P. 32, 48 L.R.A. N.S. 138]; *San Francisco Gas Light Co.* v. *Dunn,* 62 Cal. 580; *Payne & Dewey* v. *Treadwell,* 16 Cal. 220, 237).

The effect of the proposed ordinance is to delegate to the governing body of another political subdivision of the state, to wit: the Board of Supervisors of the County of Los Angeles, the power vested in the council to fix the salaries in question; under it the council would abandon that power and the duty placed upon it by the statute and take that power and duty away from any future council. This the council could not do by an ordinance initiated and enacted by it, and therefore, as we have shown, the ordinance is not one which may be adopted by means of the initiative.

There is a further reason the people do not have power to enact the ordinance in question. Under article IV, section 1 of the Constitution of this state the electorate of a municipality are given power to initiate local legislation only. Under it they do not have the power to initiate legislation which contravenes a general statute passed by the Legislature (*Galvin* v. *Board of Supervisors, supra,* p. 693; *Alexander* v. *Mitchell,* 119 Cal.App.2d 816, 823, 826 [260 P.2d 261]). Here the Legislature has by a general statute governing all cities of the sixth class placed the power and the duty to fix the salaries in question in the city council. The intendment of the proposed ordinance is to contravene the general statute by taking that power and that duty away from the council and placing them elsewhere.

We conclude that sections 3 and 4 of the proposed ordinance are, for the reasons we have given above, not the subject of enactment through initiative procedure. The defendants therefore cannot be compelled by mandate to submit the ordinance to the electorate, despite the purported savings clause contained therein (*Myers* v. *Stringham,* 195 Cal. 672, 676 [235

P. 448] ; *Bennett* v. *Drullard,* 27 Cal.App. 180, 183 [149 P. 368] ; *Alexander* v. *Mitchell, supra,* pp. 829-830).

A peremptory writ of mandate is denied and the alternative writ is discharged.

Doran, Acting P. J., and Fourt, J., concurred.

Petitioners' application for a hearing by the Supreme Court was denied May 23, 1956.