BILL LOCKYER Attorney General CLAYTON P. ROCHE Deputy Attorney General
THE HONORABLE EDWARD VINCENT, MEMBER OF THE STATE SENATE, has requested an opinion on the following questions:
1. Who has the statutory authority to set the amount of compensation for an elected city treasurer of a general law city?
2. May an initiative measure, by ordinance, set the amount of compensation for an elected city treasurer of a general law city at the same amount received by members of the city council as prescribed by law?
 CONCLUSIONS
1. The city council has the statutory authority to set the amount of compensation for an elected city treasurer of a general law city.
2. An initiative measure, by ordinance, may set the amount of compensation for an elected city treasurer of a general law city at the same amount received by members of the city council as prescribed by law.
 ANALYSIS
General law cities in California are those that do not have their own municipal charters. They are subject to all the laws enacted by the Legislature as set forth in section 7 of article XI of the Constitution: "A . . . city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws." (See Irwin v. City of Manhattan Beach (1966) 65 Cal.2d 13,20; Cerini v. City of Cloverdale (1987) 191 Cal.App.3d 1471, 1476-1477.)
The two questions presented for resolution concern the amount of compensation to be received by an elected city treasurer of a general law city. Who has the statutory authority to set the amount, and may an initiative measure approved by the city's electorate establish the amount at the same level received by city council members?
1. Statutory Authority to Set Compensation
The "general law" that controls the setting of compensation for elected city treasurers of general law cities is Government Code section36517. [1] Section 36517 states: "The city clerk and the city treasurer shall receive, at stated times, a compensation fixed by ordinance or resolution."[2]
The entity that has the statutory authority to adopt ordinances and resolutions is the city council. Ordinances and resolutions are legislative acts (see DeVita v. County of Napa (1995) 9 Cal.4th 763,787-788, fn. 9; County of Del Norte v. City of Crescent City (1999)71 Cal.App.4th 965, 979-980; ABS Institute v. City of Lancaster (1994)24 Cal.App.4th 285, 295; Midway Orchards v. County of Butte (1990)220 Cal.App.3d 765, 773-775), which the city council is authorized to adopt as the "legislative body" of the city. "The legislative body may pass ordinances not in conflict with the Constitution and laws of the State or the United States." (§ 37100.) "As used in [sections34000-45345], `legislative body' means board of trustees, city council, or other governing body of a city." (§ 34000.) "The enacting clause of ordinances shall be: `The city council of the City of _________ does ordain as follows:.'" (§ 36931.)
In 43 Ops.Cal.Atty.Gen. 119 (1964), we examined the language of section36517 and found that the reference to "compensation fixed by ordinance" meant that "[t]he compensation of a city clerk is thus established by the city council." (Id. at p. 120.) Although section36517 has been amended since our 1964 opinion to add "or resolution" (Stats. 1971, ch. 275, § 1), it is still only the city council, as the legislative body of the city, which can set the amount of compensation under the terms of the statute.[3]
We thus conclude in answer to the first question that the city council has the statutory authority to set the amount of compensation for an elected city treasurer of a general law city.
2. Compensation Set by Initiative Measure
Section 11 of article II of the Constitution provides in part: "Initiative and referendum powers may be exercised by the electors of each city or county under procedures that the Legislature shall provide." The initiative power allows the electorate to propose laws, while the referendum power may be used by the electorate to reject laws. (Cal. Const., art. II, §§ 8-9; Rossi v. Brown (1995) 9 Cal.4th 688,695-696; 73 Ops.Cal.Atty.Gen. 255, 256 (1990).) The Legislature has provided procedures for the exercise of the initiative power by the electors of general law cities. (Elec. Code, §§ 9200-9226)
It is commonly recognized "that the local electorate's right to initiative . . . is generally co-extensive with the legislative power of the local governing body. [Citation]." (DeVita v. County of Napa, supra, 9 Cal.4th at p. 775; see Gibbs v. City of Napa (1976) 59 Cal.App.3d 148,157; 62 Ops.Cal.Atty.Gen. 90, 91 (1979).) Accordingly, "absent a clear showing of the Legislature's intent to the contrary, . . . legislative decisions of a city council . . . are subject to initiative and referendum." (Voters for Responsible Retirement v. Board of Supervisors (1994) 8 Cal.4th 765, 777.) The fixing of compensation of local officials is a legislative act (see Bagley v. City of Manhattan Beach (1976) 18 Cal.3d 22, 25; Kugler v. Yocum, supra, 69 Cal.2d at p. 374), which the electorate may set through an initiative measure (Rossi v. Brown, supra, 9 Cal.4th at pp. 696-697; Spencer v. City of Alhambra (1941) 44 Cal.App.2d 75, 78-79).[4]
Although the Legislature, as part of its powers to preempt all local legislation in matters of statewide concern, may restrict the initiative power of a city's electorate (see DeVita v. County of Napa, supra, 9 Cal.4th at p. 776; Voters for Responsible Retirement v. Board of Supervisors, supra, 8 Cal.4th at p. 779; Committee of Seven Thousand v. Superior Court (1988) 45 Cal.3d 491, 511-512; Simpson v. Hite (1950)36 Cal.2d 125, 133-134; Housing Authority v. Superior Court (1950)35 Cal.2d 550, 557-558), it has not done so in the language of section36517. In particular, the reference in the statute to "compensation fixed by ordinance or resolution" does not prohibit the voters' exercise of the initiative power under the Election Code procedures fashioned by the Legislature. (See DeVita v. County of Napa, supra, 9 Cal.4th at pp. 787-788, fn. 9.)
Having determined that the voters may set the compensation of an elected city treasurer, we consider the remaining part of the question whether the compensation may be set at the same level of compensation received by members of the city council as prescribed by law. With respect to the salary of city council members, section 36516 is the governing law, and it provides:
 "(a) A city council may enact an ordinance providing that each member of the city council shall receive a salary, the amount of which shall be determined by the following schedule:
 "(1) In cities up to and including 35,000 in population, up to and including three hundred dollars ($300) per month.
 "(2) In cities over 35,000 up to and including 50,000 in population, up to and including four hundred dollars ($400) per month.
 "(3) In cities over 50,000 up to and including 75,000 in population, up to and including five hundred dollars ($500) per month.
 "(4) In cities over 75,000 up to and including 150,000 in population, up to and including six hundred dollars ($600) per month.
 "(5) In cities over 150,000 up to and including 250,000 in population, up to and including eight hundred dollars ($800) per month.
 "(6) In cities over 250,000 population, up to and including one thousand dollars ($1,000) per month.
 "For the purposes of this section the population shall be determined by the last preceding federal census, or a subsequent census, or estimate validated by the Department of Finance.
 "(b) At any municipal election, the question of whether city council members shall receive compensation for services, and the amount of compensation, may be submitted to the electors. If a majority of the electors voting at the election favor it, all of the council members shall receive the compensation specified in the election call. Compensation of council members may be increased beyond the amount provided in this section or decreased below the amount in the same manner.
 "(c) Compensation of council members may be increased beyond the amount provided in this section by an ordinance or by an amendment to an ordinance but the amount of the increase may not exceed an amount equal to 5 percent for each calendar year from the operative date of the last adjustment of the salary in effect when the ordinance or amendment is enacted. No salary ordinance shall be enacted or amended which provides for automatic future increases in salary.
 "(d) Any amounts paid by a city for retirement, health and welfare, and federal social security benefits shall not be included for purposes of determining salary under this section provided the same benefits are available and paid by the city for its employees."
Accordingly, city council members may receive a salary of $300 to $1,000 per month, depending upon the size of the city. (§ 36516, subd. (a).) The statutory amounts may be exceeded by a vote of the electorate (§ 36516, subd. (b)) and by annual adjustments (§ 36516, subd. (c)). We are particularly asked whether the electorate may set the salary of an elected city treasurer at the sum of $600 per month, the same as received by council members under the terms of section 36516.
If a city council could not set an elected city treasurer's compensation at the $600 per month level, the electorate may not either. As stated in Mitchell v. Walker (1956) 140 Cal.App.2d 239, 243: "It is only legislation that may be enacted by the legislative body itself which may be the subject of an initiative proceeding. That is to say, an initiative law must constitute such legislation as the legislative body to which it is presented for adoption might itself initiate and enact. [Citations.]"
A city council, and thus the electorate, is not authorized to set the salary for a city office at so low a figure that no competent person would accept the office. Such a minimal amount would, in effect, abolish the office contrary to intent of the Legislature. (Mitchell v. Walker, supra, 140 Cal.App.2d at p. 243.) As explained by the Supreme Court in De Merritt v. Weldon (1908) 154 Cal. 545, 549-553, upholding the decision of the Board of Trustees of the City of Ukiah in reducing the salary of the marshal from $60 to $10 per month:
 "It may be conceded that where the state legislature has seen fit to determine by lawful act that a municipality shall have a certain designated officer to perform duties specified in the act, who shall be paid for his services a compensation, which compensation shall be fixed by the legislative body of the town,-in this case the board of trustees,-such legislative body of the town may not effectually provide that there shall be no compensation at all, or practically destroy the office by fixing the compensation at so low a figure that no one will discharge the duties thereof for the compensation fixed. Such a provision by the trustees would appear to be in conflict with the act of the state legislature, and therefore void. . . . But except for this limitation, the power of the body to whom the fixing of the compensation in such a case is delegated is absolute. It is required to fix a reasonable compensation for the services to be rendered, it is true, but the question what is such a reasonable compensation is addressed solely to it, and not to the courts [citation], and however much a court may disagree with the conclusion of the legislative body that a designated sum is reasonable, it may not interfere. . . .
 "We are thus brought to a consideration of the question whether the amount of compensation fixed by the ordinance under consideration is so small that the act of the trustees can be held to be a practical abolition of the office of marshal, in that no competent person can be found to perform the duties thereof for that compensation. We are satisfied that no such conclusion is warranted by the facts that may be considered. . . . There is nothing in the Municipal Corporation Act requiring that the marshal devote all his time to the duties of his office, and there is nothing in the evidence warranting the inference that a proper discharge of the duties of that office in Ukiah City imposed on him by the state law would occupy all his time or even interfere to any material extent with the conduct by him of some other business or calling. . . . While we may feel that one hundred and twenty dollars per annum is not a reasonable compensation for the performance of these duties, and would fix a larger sum if it were within our province to determine what would be reasonable, we cannot hold, and the trial court was not warranted in holding, that the act of the trustees in fixing that amount was tantamount to the destruction of the office of marshal, in that no competent person would perform the duties for any such amount. It must therefore be held that the action of the trustees was a lawful exercise of the power confided to them to fix the compensation of the marshal, not in conflict with the law of the state. It follows that the marshal can recover only the salary so fixed."
We have examined the statutory duties of an elected city treasurer. (§§ 41000-41005.) He or she is to safely keep any money received (§ 41001), comply with all laws governing the deposit and securing of public funds (§ 41002), pay out only those warrants signed by legally designated persons (§ 41003), submit a monthly report to the city clerk (§ 41004), and collect license fees and taxes (§ 41005). These duties do not necessarily require the city treasurer's full-time attention, especially if the city has a finance department responsible for performing the financial affairs of the city. As in De Merrett, we believe that a competent person would accept the office of city treasurer where the compensation is set at the same level received by city council members.[5]
In answer to the second question, therefore, we conclude that an initiative measure may, by ordinance, set the amount of compensation for an elected city treasurer of a general law city at the same amount received by members of the city council as prescribed by law.
[1] All references hereafter to the Government Code are by section number only.
[2] The office of city treasurer may become an appointive office by vote of the electorate. (§§ 36508-36510.) In such case, the compensation of the appointive city treasurer is set by ordinance or resolution of the city council. (§ 36506.)
[3] The city council could not delegate its legislative function to some other entity or person. (See Birkenfeld v. City of Berkeley (1976)17 Cal.3d 129, 167; Kugler v. Yocum (1968) 69 Cal.2d 371, 375-376.)
[4] We note that the Legislature has expressly authorized a city's electorate to set the amount of compensation for city council members. (§ 36516 subd. (b).)
[5] While we believe $600 per month would not have the effect of abolishing the office, we are not called upon herein to speculate what lower amount would have such effect.