[No. 11361.   In Bank. — October 9, 1886.]

COUNTY OF SAN MATEO, RESPONDENT,. *v.* P. J. MALONEY ET AL., APPELLANTS.

PUBLIC OFFICER — DISCRETION — COURTS CANNOT CONTROL. — An officer in whom public duties are confided by law is not subject to the control of the courts in the exercise of the judgment and discretion which the law reposes in him as a part of his official functions.

ID. — TAXATION — ENFORCING PAYMENT OF PERSONAL TAXES — DISCRETION OF ASSESSOR CANNOT BE REVIEWED. — Under section 3820 of the Polit- ical Code, the tax assessor has power to enforce the collection of taxes assessed on personal property against such property whenever in his opinion the lien upon the real property is insufficient to secure payment of the taxes upon the real and personal property; and the judgment or opinion which the assessor formed, and upon which he acted in exercis- ing the power, cannot be reviewed by the courts, after he has collected ,and paid over the taxes to the county treasurer.

APPEAL from a judgment of the Superior Court of San Mateo County.

The facts are stated in the opinion of the court.

*Sawyer & Burnett,* for Appellants.

*Edward F. Fitzpatrick,* for Respondent.

McKEE, J. — This was an action against the defendant Maloney, as assessor of San Mateo County, and the sureties upon his official bond to recover the sum of $638, which, it is alleged, he collected as taxes for the county, and instead of paying the same over to the county treasurer, as it was his duty to do, he converted the same to his own use.

It appears by the finding of the court that between the first Mondays of March and July, 1886, the assessor served the executors of the last will of John Parrott, deceased, with a demand in writing to render to him a statement in writing, under oath, as required by law, of the specific real and personal property belonging to the estate of their testator, in their possession, or under their control, at 12 o'clock, M., on the first Monday in March, 1886, to be taxed according to law. With the demand the executors neglected and refused to comply, and upon their refusal, the assessor arbitrarily estimated the value of the personal property of the estate in their possession and under their control on that day at $1,292,879, and the real property at $62,695.

Upon the assessment thus made taxes were levied on the personal property amounting to $20,039.63, which were collected by the assessor from the personal property, "because, in his opinion, said taxes were not a lien upon any real property." And after enforcing the collection of the taxes on the personal property in that way, he paid all of them over to the county treasurer, except the sum of $638, which he retained as commissions for collecting said taxes.

The county contends that the assessor had no legal right to enforce the collection of the taxes against the personal property, and that he was not entitled to retain the money in his hands as commissions for collecting said taxes; and that is the question.

Upon the facts found by the court, there is no question that the assessment of the personal property, the levy of the taxes thereon, and their collection by the assessor were lawfully made.

The assessment was made under provisions of the revenue law, which imposed upon the assessor the duty of arbitrarily estimating the value of the real and personal property of a tax-payer, who neglects or refuses, after demand by the assessor, to render a statement in writing under oath of the specific real and personal property owned by him, or in his possession, or under his control, at 12 o'clock, noon, on the first Monday of March in each year. (Pol. Code, secs. 3629, 3633.) The levy of the taxes upon the assessment was also made under provisions of the same law; and the law made both the assessment and levy conclusive. The assessment was not subject to be reduced by the board of equalization. The tax levied had the effect of a judgment against the tax-payer, the levy was declared to be a lien upon the personal property itself, and also upon the real property of the tax-payer, with the force and effect of an execution levy upon both the real and personal property, and the judgment could not be satisfied, nor could the lien be removed until payment of the taxes in the manner provided by law. (Pol. Code, secs. 3716, 3717, 3752; Code Civ. Proc., sec. 1669.) And in addition to the statutory lien upon all the property, power was conferred upon the assessor to enforce collection of the taxes on the personal property, whenever, in his opinion, the lien upon the real property would be insufficient to secure payment of the taxes upon the real and personal property. (Pol. Code, sec. 3820.)

It was under that section of the code that the taxes were collected; they were therefore lawfully collected. But the court below gave judgment for the plaintiff, upon the ground that "said taxes were a lien upon the real property, and the real property was sufficient to secure the payment of said taxes," and it decided "that said defendant, Maloney, as assessor, was not entitled to any compensation or commissions for the collection of said $20,039.63."

But the law authorized the assessor to ascertain and determine whether the real property was sufficient to secure payment of the taxes upon the real and personal property, and if, "in his opinion," it was not, the law cast upon him the imperative duty of enforcing collection of the taxes against the personal property. That duty was regularly performed by the assessor (Code Civ. Proc., sec. 1963, subd. 15), and the judgment or opinion which he formed, and upon which he acted, is not reviewable by the courts after he has collected and paid over the taxes to the county treasurer. It is well settled that an officer to whom public duties are confided by law is not subject to the control of the courts in the exercise of the judgment and discretion which the law reposes in him as a part of his official functions. (*Gaines* v. *Thompson*, 7 Wall. 347.) As was said in *Porter* v. *Haight*, 45 Cal. 639: "When the state, by legislative act, confers upon a board of public officers jurisdiction to exercise their judgment and discretion upon matters within their power to perform, the courts cannot review the question whether that discretion was properly exercised." (See also *People* v. *Hagar*, 52 Cal. 179.)

The taxes were therefore lawfully collected under section 3820 of the Political Code. And the law provided: "The assessor shall be entitled to receive and retain for his own use six per cent on personal property tax collected by him, as authorized by section 3820 of the Political Code." (Stats. 1883–84, p. 125.) The assessor

had therefore the right to retain the money in controversy as his percentage for collecting the tax.

Let the judgment be reversed, and the cause remanded. So ordered.

Morrison, C. J., Sharpstein, J., and McKinstry, J., concurred.

Myrick, J., and Thornton, J., dissented.

Rehearing denied.