[No. 14684. Department One. — July 15, 1892.]

# J. W. GREEN, APPELLANT, v. THE COUNTY OF FRESNO, RESPONDENT.

COUNTY GOVERNMENT ACT — COUNTIES OF TWENTY-SIXTH CLASS — FEES OF CONSTABLES — CONSTITUTIONAL LAW — COMPENSATION PROPORTIONED TO DUTIES. — Section 188 of the County Government Act, as amended March 16, 1889, determining what fees shall be allowed to constables in counties of the twenty-sixth class, is not repugnant to section 5 of article II. of the constitution, providing that the compensation must be regulated "in proportion to duties."

ID. — MATTER OF FACT — PROVINCE OF LEGISLATION. — What compensation of an officer should be deemed "in proportion to his duties," is a matter of fact to be ascertained and determined by the legislature, and not by the courts.

ID. — REVIEW OF ACTION OF SUPERVISORS — AGREED STATEMENT OF FACTS — PRESUMPTION — EXCESS OF LIMIT. — In a proceeding in the superior court of Fresno County to review the action of the board of supervisors of that county in rejecting portions of each claim presented for constable's fees, where the case was submitted upon an agreed statement of facts, which did not show upon what ground they were rejected, the superior court was authorized to presume that they were rejected upon any ground not negatived by the statement, and that they were properly rejected because in excess of the fifteen-hundred-dollar limit fixed by section 188 of the County Government Act.

ID. — EFFECT OF AGREED STATEMENT — RESTRICTION TO FACTS ADMITTED. — Where a case is submitted under an agreed statement of facts, the consideration of the court is restricted to the facts admitted, and its judgment cannot be based upon any other facts which it may suppose one of the parties can establish.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion.

*Newman Jones,* and *W. R. Jacobs,* for Appellant.

*D. W. Tupper,* and *H. H. Welsh,* for Respondent.

VANCLIEF, C. — This case was submitted to the trial court upon an agreed statement of facts substantially as follows: —

In May, 1891, the plaintiff presented to the board of supervisors of the county of Fresno, in due form, his

claim for official services as constable of township No. 1, rendered in criminal cases, and for money expended during the month of March of that year, amounting to $412.40. His claim was allowed for all items of money expended, amounting to $32.80, and for $125 for services, but was rejected as to the balance of $254.60, claimed for services.

In April, 1891, C. W. Fraser, as constable of township No. 3 of that county, duly presented to the board of supervisors his claim for $332.90, for official services in criminal cases, rendered during the same month (March, 1891), which was allowed for $125, but rejected for the balance of $207.90.

The fees charged for services in each case were such as are allowed by law.

Neither plaintiff nor Fraser accepted the sum allowed him. Fraser assigned his entire claim to plaintiff, who, upon the stipulated facts, seeks to recover the full amount of both claims.

Prior to March 31, 1891, Fresno County was a county of the twenty-sixth class, according to the classification made by the County Government Act of March 14, 1883; but by the revision of that act, approved March 31, 1891, it became a county of the eighth class.

Since January 1, 1891, there have been fourteen constables in said county, nine of whom have not earned or presented claims for more than $125 for any one month since January 1, 1891, on account of services in criminal cases, "but each of said nine constables has, during each of the months since January 1, 1891, earned in such cases . . . . and presented claims for the same, various sums less than the $125 per month, all of which last-mentioned claims have been allowed and paid in full."

The judgment was for defendant, and the plaintiff appeals therefrom upon the judgment roll, which wholly consists of the stipulated statement of facts and the judgment.

During the month in which the services were performed, section 188 of the County Government Act, as amended March 16, 1889 (Stats. 1889, p. 279), was in force; and so far as applicable to constables, was as follows: —

" Sec. 188.   In counties of the twenty-sixth class, the county and township officers thereof shall receive as compensation for the services required of them by law, or by virtue of their office, the salaries as follows, to wit: . . . .

" 14.  Constables, such fees as are now or may be allowed by law; *provided,* that no constable shall receive more than fifteen hundred dollars per annum for all services rendered by him in criminal cases, or in actions or proceedings to which the people of the state of California are or may be parties; and no claim of any such constable in excess of the sum last named shall be allowed or paid, but all fees collected by such constable in criminal cases in excess of fifteen hundred dollars shall belong to and be the property of the county in which said constable acts. . . . . The provisions hereof shall not affect the present incumbents."

By the act of March 31, 1891 (Stats. 1891, p. 345), the above section was amended and re-enacted as " section 170."   As thus re-enacted, section 170 of the act of 1891 not only limits the compensation of constables in Fresno County, now ranked in the eighth class, for services in criminal cases, to $1,500 per annum, but requires it to be paid in monthly installments *not to exceed $125 in any one month.*

Section 234 of the same act, March 31, 1891 (Stats, 1891, p. 421), is as follows: —

" Sec. 234.  The provisions of this act, unless otherwise herein provided, so far as it relates to the fees and salaries of all officers named, except justices of the peace and constables, shall not affect the present incumbents; *provided,* that when the salary of any such officer, or fees in lieu of such salary, is not now fixed by law, the same shall, as to such officer, take effect immediately."

1. Counsel for appellant contend that each of the above-quoted sections is unconstitutional. But the record raises no question as to the constitutionality of sections 170 and 234 as enacted March 31, 1891. There is nothing in the act purporting to give either of these sections any retroactive effect. Nor is there anything in the record indicating that the trial court applied them to this case.

2. It is insisted, however, that section 188, as amended March 16, 1889, does not regulate the compensation of constables "in proportion to duties"; and therefore is repugnant to section 5 of article II. of the constitution.

What compensation of an officer should be deemed in proportion to his duties is matter of fact to be ascertained and determined by the legislature, and not by the courts. (*Longan* v. *County of Solano,* 65 Cal. 122.) In the class of counties to which the defendant county belonged when the services in question were performed, the legislature determined that certain fees allowed by law for services in civil cases, and also the fees allowed by law for services in criminal cases not exceeding fifteen hundred dollars per annum, would be in proportion to the duties of constables in that class of counties. Had the legislature given to each constable a salary of fifteen hundred dollars per annum, it would not be pretended that the courts could interfere on the ground that such salary is not in proportion to the duties of each constable; yet the mode adopted by the legislature by which to regulate the compensation of constables effects a nearer approach to a just proportion between the compensation and duty of each constable of the class than would a fixed salary common to all. (*Dougherty* v. *Austin,* 94 Cal. 601.)

3. The agreed statement of facts shows that the board of supervisors rejected portions of each claim for fees, but does not show upon what ground they were rejected. Upon this statement alone, the superior court was asked to review and reverse or modify the action of the tri-

bunal having original jurisdiction of the subject-matter. Under these circumstances, the superior court was justified in presuming that the action of the board of supervisors was correct, unless the agreed statement affirmatively showed it to have been erroneous. If the claims may have been properly rejected by that board, upon any ground not negatived by the statement, the superior court may have presumed that they were properly rejected upon that ground. For aught that appears, that portion of each claim that was rejected may have been wholly in excess of fifteen hundred dollars already allowed to each claimant for services rendered in criminal cases during the year 1891. This not being negatived, the presumption here must be that the superior court did not err in giving judgment for defendant. The obligation of the defendant to pay more than was allowed by its board of supervisors is not a necessary consequence of the stipulated statement of facts. The conclusion of law from the facts stated is, merely, that the plaintiff is entitled to recover such portions of his demands as will not effect a trangression of the fifteen-hundred-dollar limit fixed by section 188, above quoted. But whether or not the effect of a recovery of any sum would be to exceed that limit does not appear. The defect of the statement is not merely a failure to state the breach of an obligation, but also consists of a failure to show that defendant was ever under any obligation to pay the claims disallowed by the board of supervisors. The fact that an allowance of the claims in question would not have transgressed the statutory limit of fifteen hundred dollars was necessary to constitute the obligation; and therefore the insertion of it in the agreed statement could not have been regarded as a reply to an anticipated defense. Both an obligation and a breach of it must have been stated before any defense was necessary. The averment that the claims in question had not been paid, without showing an obligation to pay them, is of no consequence.

As this case was submitted upon an agreed statement

of facts, under section 1138 of the Code of Civil Procedure, " the consideration of the court was restricted to the facts admitted, and its judgment could not be based upon any other facts which it may have supposed the plaintiff could establish." (*Crandall* v. *Amador County*, 20 Cal. 73.)

I think the judgment should be affirmed.

BELCHER, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

GAROUTTE, J., HARRISON, J., PATERSON, J.