[S. F. No. 5010. In Bank.—November 20, 1908.]

WARREN DE MERRITT, Respondent, v. T. J. WELDON, as President, and T. L. CUNNINGHAM as Clerk of the Board of Trustees of the Town of Ukiah City, Appellants.

MUNICIPAL CORPORATIONS—SALARY OF MARSHAL—POWER OF CITY TRUSTEES TO FIX—INADEQUACY OF COMPENSATION.—Under the provisions of section 855 of the General Municipal Corporation Act, the board of trustees of Ukiah City, a municipal corporation of the sixth class, has the absolute right to fix the compensation of the marshal at any sum it deems proper, free from supervision or review

CLIV Cal.—35

on the part of the courts, subject to the limitation that it may not effectually provide that there shall be no compensation at all, nor practically destroy the office by fixing the compensation at so low a figure that no one would discharge the duties of the office for the compensation fixed. Such a provision by the trustees would conflict with the act of the legislature, and therefore would be void.

ID.—REASONABLENESS OF COMPENSATION—REVIEW BY COURT—MOTIVES OF LEGISLATIVE BODY.—Where a statute of the state requires a municipal legislative body to fix the compensation of a municipal officer, the question what is a reasonable compensation is addressed solely to it, and not to the courts, and however much a court may disagree with the conclusion of the legislative body that a designated sum is reasonable, it may not interfere, in the absence of fraud or bad faith. The courts refuse to consider legislative motives except as they may be disclosed on the face of the acts or are inferable from their operation and effect, considered in the light of those matters of which judicial notice may be taken.

ID.—MARSHAL OF UKIAH CITY—MONTHLY SALARY OF TEN DOLLARS.— For the performance of only such duties as are imposed upon the marshal by section 880 of the General Municipal Corporation Act, a compensation of ten dollars a month, fixed by ordinance of the board of trustees of Ukiah City, a town of about 1800 inhabitants, cannot be held by the courts to be so inadequate as to be tantamount to the destruction of the office of marshal, in that no competent person would perform the duties for such an amount.

APPEAL from a judgment of the Superior Court of Mendocino County and from an order denying a new trial. J. Q. White, Judge.

The facts are stated in the opinion of the court.

Arthur J. Thatcher, for Appellants.

J. W. Preston, for Respondent.

ANGELLOTTI, J.—This is an appeal by defendants from a judgment in favor of plaintiff and an order denying defendants' motion for a new trial in a proceeding brought by plaintiff to obtain a writ of mandate requiring defendants to issue and deliver to plaintiff a warrant for the sum of sixty dollars, alleged to be due him as marshal of Ukiah City for salary for the month of April, 1907. The judgment directed the issuance of such writ.

Ukiah City, the county seat of Mendocino County, is a municipal corporation of the sixth class, organized under the provisions of the General Municipal Corporation Act, and having, according to the last federal census, something over eighteen hundred inhabitants. Sections 851 and 852 of that act [Gen. Laws, 1906, p. 895] provide that the government of such a city or town "shall be vested in a board of trustees of five members; a clerk, who shall be *ex officio* assessor; a treasurer, a marshal, who shall be *ex officio* tax and license collec⁺or," etc., to be elected by the qualified electors at general municipal elections. By section 855, it is provided that "the clerk, treasurer, marshal and recorder shall severally receive, at stated times, a compensation to be fixed by ordinance by the board of trustees, which compensation shall not be increased or diminished after their election, or during their several terms of office." Section 880 prescribes the duties of the marshal substantially as follows: He shall have direction and control of the department of police of the town, execute all process issued and directed to him, collect all taxes and licenses, have charge of the prison and prisoners and any chain-gang which may be established by the trustees, and perform such other services as this act and the ordinances of the board of trustees shall require. It further provides that he "shall receive such compensation as shall be fixed by ordinance."

On January 20, 1896, the board of trustees enacted an ordinance providing that the city marshal shall perform all the duties required by law or any ordinance, "shall devote his entire time and attention to the duties of his office, shall see that the streets and sidewalks are kept free from obstructions, and that all the ordinances of said town are strictly enforced." It further provided: "He shall receive as salary for all services rendered by him as marshal and *ex officio* tax-collector the sum of sixty dollars per month, and for collecting licenses such fees as are now or may hereafter be allowed by law or prescribed by ordinance."

Prior to February 15, 1904, plaintiff was elected and qualified as marshal, and has ever since been the marshal of said town, having been last elected at the general municipal election in April, 1906.

On February 15, 1904, the board of trustees, acting under the power given by the act to appoint "such police and other

subordinate officers as in their judgment may be deemed necessary and fix their compensation," enacted an ordinance creating a new office, the incumbent to be known as the "Executive Officer," and prescribing his duties to be to exercise the duties of a police officer, to have charge of all town property and work and repairs thereon, including streets, to collect all license fees and license-taxes, to collect all sums due the town from patrons of the electric light system or other public utilities, to assist the night watchman and town marshal in the performance of their duties, to patrol the streets of the town each day from ten A. M. to ten P. M., and to perform such other duties as might be required by the trustees, and fixing the compensation of such officer at seventy-five dollars per month.

On the same day, the board enacted another ordinance relative to salary of the marshal, providing that "the salary of the marshal shall be fixed at and declared to be the sum of ten dollars per month, payable as other salaries are paid."

Plaintiff was appointed by the board of trustees as such executive officer and continued to hold such office until March, 1907. He was re-elected as marshal in April, 1904, and again in 1906. From the time of his appointment as executive officer to March, 1907, he received the combined salaries of marshal and executive officer,—viz. eighty-five dollars per month, a single warrant "for salary of marshal and as executive officer" being issued to him each month. In March, 1907, the board of trustees revoked his appointment as executive officer. Plaintiff thereupon claimed that his salary as marshal is fixed by the ordinance of January 20, 1896, and that he is, therefore, entitled to receive the salary of sixty dollars per month. The defendants refusing to comply with his demand that such a warrant be issued for his salary for the month of April, 1907, he instituted this proceeding to compel such issuance.

In view of the fact that the marshal can receive only such compensation as is fixed by the board of trustees, plaintiff's claim in this behalf is necessarily based on his contention that the subsequent ordinance of February 15, 1904, fixing the salary of such office at ten dollars per month, adopted prior to. the election under which he now holds office, is absolutely void, leaving the former ordinance in full force. The absolute right of the board of trustees under the law to fix the compensation of the marshal at any sum it deems proper, free

from supervision or review on the part of the courts, is admitted, subject to a single limitation. It is urged that the effect of the provisions of the Municipal Corporation Act is to require that the trustees shall fix a reasonable compensation, that, while it is for them to determine what is a reasonable compensation, they are at least precluded from fixing it at so small an amount that their action results in the destruction of the office of marshal, a co-ordinate department of the government of the town, by reason of the fact that no competent person would seek the office or perform the duties thereof for the compensation fixed, that any ordinance fixing the compensation at such a low figure is in conflict with the provisions of the General Municipal Corporation Act, and therefore void, and that for this reason the ordinance fixing the compensation at ten dollars per month is void. The lower court found that the amount of salary attempted to be fixed by the ordinance was an unreasonable and arbitrary amount, and tantamount to the destruction of the office of marshal, that no competent person would seek the said office or perform the duties thereof for any such amount, and that the duties of the office as prescribed by law and ordinance would consume the whole time of a competent person. It further found that a reasonable compensation would be at least ten times the amount prescribed by the ordinance. Adopting the view of petitioner before stated, it therefore held the ordinance void and held that the provision of the former ordinance fixing sixty dollars per month as the salary was still in force.

It may be conceded that where the state legislature has seen fit to determine by lawful act that a municipality shall have a certain designated officer to perform duties specified in the act, who shall be paid for his services a compensation, which compensation shall be fixed by the legislative body of the town,—in this case the board of trustees,—such legislative body of the town may not effectually provide that there shall be no compensation at all, or practically destroy the office by fixing the compensation at so low a figure that no one will discharge the duties thereof for the compensation fixed. Such a provision by the trustees would appear to be in conflict with the act of the state legislature, and therefore void. Upon the first point, the case of *State* v. *Mayor*, 15 Lea, (Tenn.) 697, [54 Am. Rep. 427], is in point. It was there held that where

the legislative charter provided that the mayor should receive compensation, but authorized the city council to change the amount fixed by the charter as it deemed proper, except that no change should be made to affect an incumbent during his term of office, an ordinance of the council, adopted in the exercise of the power to change the compensation, providing that the next mayor should receive no compensation, was in conflict with the charter and therefore void. The court expressly declined to decide what the situation would have been had the council fixed any compensation, however small, though its reasoning seemed to imply that the requirement of the charter would not be complied with by the fixing of a mere nominal consideration. The case of *Board of Supervisors* v. *Westbrook*, 64 Miss. 312, [1 South. 352], is in point on the latter proposition. It was the duty of the supervisors of the county to fix the compensation of a health officer appointed by a state officer under a legislative act. They had fixed it at fifteen dollars per month. Subsequently concluding that they did not need a health officer, and having no power to abolish the office or discharge the incumbent, they fixed the salary at one dollar per month. It was held that this action was a nullity on the ground that it was practically an attempted abrogation of the state law. The court said: "What the salary should be was a matter within their discretion provided they did not exceed the maximum specified by the statute or place it so low as to virtually abolish the office in the county. . . . But the laws for the protection of the public health under which appellee was appointed are of general application and cannot be nullified in any county by the failure of the board of supervisors to fix the salary of the general health officer of the county after he has been appointed or by fixing it at a rate so far below the maximum that no competent physician will accept the office." To the same effect is a note in 2 Abbott on Municipal Corporations, 1644, where it is said: "General legislation cannot be nullified by fixing the salary of a public official in a particular county at such a low figure that no competent person will accept the office." But except for this limitation, the power of the body to whom the fixing of the compensation in such a case is delegated is absolute. It is required to fix a reasonable compensation for the services to be rendered, it is true, but the question what is such a

reasonable compensation is addressed solely to it, and not to the courts (*Green* v. *Fresno Co.*, 95 Cal. 329, [30 Pac. 544]), and however much a court may disagree with the conclusion of the legislative body that a designated sum is reasonable, it may not interfere. As was said in *Porter* v. *Haight*, 45 Cal. 639, "When the state, by legislative act, confers upon a board of public officers jurisdiction to exercise their judgment and discretion upon matters within their power to perform, the courts cannot review the question whether that discretion was properly exercised." (See, also, *San Mateo Co.* v. *Maloney*, 71 Cal. 205, 208, [12 Pac. 53, 55].) This is certainly so in the absence of fraud or bad faith on the part of the body to whom the power is confided (see 1 Dillon on Municipal Corporations, sec. 94; 28 Cyc. 457), and the courts refuse to consider legislative motives except as they may be disclosed on the face of the acts or are inferable from their operation and effect, considered in the light of those matters of which judicial notice may be taken. (See *Soon Hing* v. *Crowley*, 113 U. S. 703, [5 Sup. Ct. 730]; see, also, *Dodge* v. *Kings Co.*, 150 Cal. 96, [88 Pac. 66].) Much reliance is placed by plaintiff on the ordinance enacted on the same day as the ordinance under consideration, creating the office of executive officer and prescribing the duties thereof, which it is claimed we may consider as showing the motive of the board to destroy the elective office of marshal and devolve its duties on the appointed executive officer. That ordinance, however, does not sustain plaintiff's claim. It was one clearly within the power of the trustees to enact under their general power to appoint "such police and other subordinate officers as in their judgment may be required," and with the single exception of the duty to collect license fees and license-taxes imposed by the statute on the marshal, the duties prescribed for such executive officer were such as the trustees had the right to annex to an office established by them, filled by their own appointee. However, neither fraud nor bad faith on the part of the trustees was alleged or found.

We are thus brought to a consideration of the question whether the amount of compensation fixed by the ordinance under consideration is so small that the act of the trustees can be held to be a practical abolition of the office of marshal, in that no competent person can be found to perform the

duties thereof for that compensation. We are satisfied that no such conclusion is warranted by the facts that may be considered. It is conceded that the courts are limited in the consideration of this question to the ordinance itself and to those facts of which they may take judicial notice. Assuming that this includes all the facts heretofore stated in the opinion, and also the evidence given on the trial as to the amount of taxes and licenses collected each year, the utmost that a court is warranted in saying is that it disagrees with the trustees as to what constitutes reasonable compensation for the services to be performed, which, as we have seen, is not enough to warrant it in holding their action void. There is nothing in the record to warrant the conclusion of the trial court that the action of the trustees was tantamount to the destruction of the office of marshal, that no competent person would perform the duties thereof for any such amount, or that the duties of such office as prescribed by law and ordinance would consume the whole time of a competent person. Much reliance is placed on this last conclusion, which is evidently based solely on the provision in the ordinance of January 20, 1896, specifying the duties of marshal and fixing the compensation at sixty dollars per month, to the effect that he shall devote his entire time and attention to the duties of his office, which provision, it is said, has been repealed. There is nothing in the Municipal Corporation Act requiring that the marshal devote all his time to the duties of his office, and there is nothing in the evidence warranting the inference that a proper discharge of the duties of that office in Ukiah City imposed on him by the state law would occupy all his time, or even interfere to any material extent with the conduct by him of some other business or calling. It may be doubted whether the trustees had the power to require that the marshal devote all his time and attention to the duties of the office, except in so far as the duties were additional to those prescribed by the state law, and were imposed by ordinance of their own. It is manifest, however, that the ordinance relative to the executive officer was intended to change the duties of the marshal to the extent of relieving him from all the additional duties imposed by ordinance of the trustees and imposing those duties on the new officer, leaving the marshal with only such duties as are imposed by the state law,

and we think it must be held to have operated as a repeal of the entire ordinance of January 20, 1896. The duties of the marshal were, then, only such as were prescribed by the state law. Under this, in a town of some 1800 inhabitants, he was in charge and control of the department of police, required to execute such process as might be delivered to him for execution; he was in charge of the city prison, if there was such a prison; he would be required to take charge of any chain-gang that might be established by the trustees, but none had been established; and he was required to collect all town taxes and town licenses. The last undoubtedly constituted the principal part of his duties. These are all the duties specifically imposed by the statute. While we may feel that one hundred and twenty dollars per annum is not a reasonable compensation for the performance of these duties, and would fix a larger sum if it were within our province to determine what would be reasonable, we cannot hold, and the trial court was not warranted in holding, that the act of the trustees in fixing that amount was tantamount to the destruction of the office of marshal, in that no competent person would perform the duties for any such amount. It must therefore be held that the action of the trustees was a lawful exercise of the power confided to them to fix the compensation of the marshal, not in conflict with the law of the state. It follows that the marshal can recover only the salary so fixed.

In view of what we have said, it is unnecessary to consider any of the other points discussed by learned counsel for plaintiff.

The judgment and order denying a new trial are reversed.

Shaw, J., Sloss, J., Lorigan, J., and Henshaw, J., concurred.

Beatty, C. J., dissented.

Rehearing denied.

Beatty, C. J., dissented from the order denying a rehearing, and filed the following opinion thereon on December 18, 1908:—

BEATTY, C. J., dissenting.—The denial of a rehearing of this cause furnishes a proper occasion for a brief statement of

the grounds of my dissent from the judgment. The charter of Ukiah is a general law of the state by which the city marshal is made an elective officer, and by which varied and important duties are devolved upon him. The adoption of the two ordinances of February 15, 1904, was a transparent device by which the board of trustees—the creature of the statute—attempted to subvert the law of the state by devolving the duties of the elected marshal upon an appointee of their own; an attempt in which, with the sanction of this court, they have achieved a partial success. The resulting difficulties do not seem to have been considered. Can the board of trustees relieve the marshal of his statutory duties? Can they, for instance, confer authority upon their executive officer to receive and receipt for license and property taxes? And, if as seems not improbable, it proves difficult to find a fit person willing to perform the duties and assume the responsibilities of tax and license collector, chief of police, custodian of prisoners, etc., for fifteen dollars a month, how are those duties to be performed without usurpation of authority by such agent of the board of trustees as may attempt their performance?

I think the ordinance reducing the salary of the marshal was void as part—an essential part—of a scheme to override the statute, and that it should have been so declared.