[Sac. No. 4270. In Bank.—July 31, 1929.]

DRURY BUTLER, Petitioner, v. L. P. WILLIAMS, as County Auditor, etc., Respondent.

Butler, Van Dyke & Desmond and Butler, Van Dyke, Desmond & Harris for Petitioner.

Neil R. McAllister, District Attorney, and Alex J. Ashen, Deputy District Attorney, for Respondent.

CURTIS, J.—Prior to the year 1925 the salary of the county surveyor of the county of Sacramento, a county of the seventh class, was fixed by section 4236k of the Political Code at the sum of $2,400 per annum. In that year said section of the code was amended to read as follows:

"Counties of the Seventh Class. Surveyor. Sacramento. In counties of the seventh class, the county surveyor shall receive a salary of two thousand four hundred dollars per annum; and in addition thereto all necessary expenses for work performed in the office and all necessary expenses and transportation for work performed in the field; provided, however, commencing January 3, 1927, in counties of the seventh class the county surveyor shall receive a salary of one hundred twenty dollars per annum, and in addition thereto all necessary expenses for work performed in the office and all necessary expenses and transportation for work performed in the field." [Stats. 1925, p. 811.]

The amendment consisted in adding to the section as it originally stood all that portion of said amended section beginning with the word "provided."

Thereafter at the general election held in said county in November, 1926, the petitioner herein was elected to said office of county surveyor for the full term of four years, beginning January 3, 1927. He thereafter qualified as such county surveyor and on the third day of January, 1927, entered upon the discharge of the duties of said office, and has ever since continued to discharge said duties. Some months

thereafter he demanded of the respondent herein, the County Auditor of said county, that he as County Auditor issue his warrant in favor of petitioner and directed to the county treasurer of said county, ordering said county treasurer to pay to petitioner his salary at the rate of $200 per month beginning on the third day of January, 1927. The County Auditor refused to comply with said demand, whereupon the petitioner in May, 1928, filed in the District Court of Appeal, in and for the Third District, his petition praying for a writ of mandate directed to said County Auditor commanding him to issue to petitioner a warrant on the county treasurer of said county, directing said county treasurer to pay to petitioner the sum of $3,200 for services rendered by said petitioner as county surveyor of said county from the third day of January, 1927, to and including the second day of May, 1928. An alternative writ of mandate was issued out of said District Court, directed to said County Auditor. In the return of the County Auditor to said writ and in his answer to said petition it was alleged that the salary of petitioner as county surveyor of said county since the third day of January, 1927, was the sum of $120 per annum and that said County Auditor had drawn warrants in favor of petitioner at the end of each month during the term of office of petitioner for his said salary at the rate of $120 per annum, but that petitioner had refused to accept said warrants and the same remained in the office of said County Auditor. It was further alleged in said return and answer that petitioner in addition to his salary is furnished a suitable office in the county courthouse of said county, together with suitable office furniture, heat, light and care of the same, and that ever since January 3, 1927, the board of supervisors of said county has employed a competent engineer and other engineering assistants to draw plans and specifications for the construction of highways, bridges and other structures built by said county and that by reason thereof the petitioner has not been called upon to do any of the engineering work appertaining thereto.

The matter came on for hearing before said District Court of Appeal, resulting in a judgment in favor of the petitioner as prayed for in his said petition. Upon the application of the respondent herein said proceeding was transferred

from said District Court of Appeal and a hearing thereon ordered in this court.

We can see but little, if any, difference in principle between the question here presented and that which was determined in the case of *De Merritt* v. *Weldon*, 154 Cal. 545 [16 Ann. Cas. 955, 98 Pac. 537]. In this latter case, the facts recited in the opinion show that the plaintiff therein was elected city marshal of the city of Ukiah. At the time of his election the salary of said office was sixty dollars per month. This salary had been fixed by the board of trustees of said city under the power given to said board by section 855 of the County Government Act then in force, which section read in part as follows: "the clerk, treasurer, marshal and recorder shall severally receive, at stated times, a compensation to be fixed by ordinance by the board of trustees." Thereafter, and during said plaintiff's first term of office, the board of trustees created the office of "Executive Officer," prescribed the duties of such officer and fixed his salary at seventy-five dollars per month. On the same day it fixed the salary of the marshal at ten dollars per month. Plaintiff was appointed as such executive officer and continued to hold such office until 1907 and drew the salaries of both offices, having been re-elected in 1904 and 1906. In March, 1907, the board of trustees revoked his appointment as executive officer. Plaintiff thereupon claimed the salary of sixty dollars per month, which had been fixed by said board of trustees by ordinance prior to the date of his first election to the office of marshal. Payment thereof was refused and he instituted said action for the purpose of compelling the payment of his salary in the amount of sixty dollars per month. The claim was made there, as it is made here, that while the legislative body has the power to fix the salary of the officer, it is precluded from fixing the salary at so small an amount that its action would result in the destruction of the office. This is clearly made to appear from the following language found on page 549 of the opinion: "It is urged that the effect of the provisions of the Municipal Corporation Act (sec. 855) is to require that the trustees shall fix a reasonable compensation, that, while it is for them to determine what is a reasonable compensation, they are at least precluded from fixing it at so small an amount that their action results in the destruction of the office of marshal,

a co-ordinate department of the government of the town, by reason of the fact that no competent person would seek the office or perform the duties thereof for the compensation fixed, that any ordinance fixing the compensation at such a low figure is in conflict with the provisions of the General Municipal Corporation Act, and therefore void, and that for this reason the ordinance fixing the compensation at ten dollars per month is void." In reply to this contention the court held (p. 553) : "The duties of the marshal were, then, only such as were prescribed by the state law. Under this, in a town of some 1800 inhabitants, he was in charge and control of the department of police, required to execute such process as might be delivered to him for execution; he was in charge of the city prison, if there was such a prison; he would be required to take charge of any chain-gang that might be established by the trustees, but none had been established; and he was required to collect all town taxes and town licenses. The last undoubtedly constituted the principal part of his duties. These are all the duties specifically imposed by statute. While we may feel that one hundred and twenty dollars per annum is not a reasonable compensation for the performance of these duties, and would fix a larger sum if it were within our province to determine what would be reasonable, we cannot hold, and the trial court was not warranted in holding, that the act of the trustees in fixing that amount was tantamount to the destruction of the office of marshal, in that no competent person would perform the duties for any such amount. It must therefore be held that the action of the trustees was a lawful exercise of the power confided to them to fix the compensation of the marshal, not in conflict with the law of the state. It follows that the marshal can recover only the salary so fixed."

There is no substantial difference between the authority given the legislature by section 5 of article XI of the constitution to fix the salaries of the county officers and section 885 of the Municipal Corporation Act empowering the board of trustees to fix the salaries of the marshal and other officers of cities of the sixth class. If there is any difference between these two grants of power it is in the use of the words "in proportion to duties" found in the section of the constitution above mentioned. But the significance of this phrase has been determined in the case of *Green* v. *County of*

*Fresno,* 95 Cal. 329, 332 [30 Pac. 544, 545], where the court held that ''What compensation of an officer should be deemed in proportion to his duties is a matter of fact to be ascertained and determined by the legislature, and not by the courts.'' To the same effect is the case of *De Merritt* v. *Weldon, supra.*

In view of these express rulings of this court we are constrained to hold that section 4236k of the Political Code, as enacted in 1925, fixing the salary of the county surveyor of the county of Sacramento at the sum of ten dollars per month, is not repugnant to section 5 of article XI or to any other provision of the constitution of this state, but that the enactment of said section was a valid exercise of power given to the legislature by the constitution, and its action in that respect is not reviewable by the courts of the state.

Nor do we think the petitioner has any just cause to complain. The salary of the office of county surveyor of said county was fixed at the sum of ten dollars per month more than a year before he was elected to that position. He knew at the time he became a candidate for said office and at the time he qualified and took the oath to perform the duties of the office what the salary was and would be during the term for which he was elected. The fact that he accepted the office with the salary as fixed at that time and that he has continued to discharge its duties is a conclusive answer to his contention that the legislature by fixing the salary at this low figure has thereby destroyed the office and that no competent person would perform the duties thereof for the amount fixed as salary. No doubt the prestige enjoyed by petitioner as county surveyor of his county and the right given him under the statute to engage in private practice are of substantial value to him. Furthermore, he is provided by the county with a suitable office, together with furniture, heat, light and care of said office. As appears by the return of respondent, the board of supervisors has relieved petitioner of all engineering and other work required in the construction of bridges, highways and other buildings constructed by the said county, and has engaged other engineers to perform this work. That it has this power was expressly held in the recent case of *Cope* v. *Flannery,* 70 Cal. App. 738, 750 [234 Pac. 845]. It must be presumed that the legislature in enacting said section of the

code took into consideration all of these matters and in the light of all the knowledge before it fixed the salary of said officer at the amount stated in said section. As already stated, this was a matter exclusively within the jurisdiction of the legislature and not within that of the courts.

The writ is denied.

Langdon, J., Seawell, J., Richards, J., and Waste, C. J., concurred.

SHENK, J., Dissenting.—Under section 5 of article XI of the constitution the legislature is required to provide for the election or appointment in the several counties of the officers specifically mentioned and for such other county officers ''as public convenience may require,'' and shall pre-scribe their duties. The same section also requires the legis-lature to fix the compensation of such officers ''in proportion to duties.'' By section 4013 of the Political Code the legislature has provided in effect that public convenience requires a county surveyor, for in that section a surveyor is and for fifty years or more has been named as one of the officers of the county. His official bond is provided for in section 4022 of the Political Code. He must be a licensed surveyor. (Sec. 4214, Pol. Code.) His duties generally are defined in sections 4214 to 4221, inclusive, of the Political Code. Other duties are required of him by the legislature. (See Stats. 1905, p. 102.) Sacramento County contains some 963 square miles of territory, approximately that of the state of Rhode Island, and has a population of 150,000 or more. It seems to me a palpable absurdity to say that the constitutional mandate to fix the compensation ''in proportion to duties'' has been complied with in the case of the surveyor of Sacramento County when said compensation is fixed at ten dollars per month. The constitutional provision contemplates that the public officers therein provided for shall be justly compensated for their services. (*Gwynn* v. *McKinley*, 30 Cal. App. 381, 389 [159 Pac. 1059].) And when the legislature has, as I think here, failed to comply with the purposes of the constitution it is the duty of the court to declare the law invalid. I cannot subscribe to the statement in the main opinion that the matter of compensation is *exclusively* within the jurisdiction of the legislature and not

within that of the courts. The case of *De Merritt* v. *Weldon*, 154 Cal. 545 [16 Ann. Cas. 955, 98 Pac. 537], which is deemed to be controlling in the present case, recognizes that a limitation is placed on the legislative action to the extent that the legislature may not fix compensation so low as in reality to destroy the office. In that case the board of trustees of the city of Ukiah evidently so framed its ordinances that the same person might act as "Executive Officer" and "Marshal" at the combined salary of eighty-five dollars per month, which was by no means an inconsiderable salary for the services rendered in those days—twenty-five years ago. The petitioner therein was appointed to act in both capacities and continued so to act for several years and until the board revoked his appointment as "Executive Officer." He then complained that the ordinance fixing the salary of the marshal at ten dollars per month was invalid. From the situation there presented it could not be said that at the time the ordinances were framed it was intended to fix the salary of the marshal at so low a figure as in effect to destroy the office, for the reason that such salary combined with the salary of executive officer would be reasonable compensation for the services performed. Here we find no such situation, and in my opinion the De Merritt case should not be deemed controlling.

Rehearing denied.

Shenk, J., and Preston, J., dissented.