No. 15,304.

CITY AND COUNTY OF DENVER *v.* BIGELOW.

(155 P. [2d] 998)

Decided January 8, 1945.   Rehearing denied February 19, 1945.

Mr. MALCOLM LINDSEY, Mr. WAYNE D. WILLIAMS, for plaintiff in error.

Mr. FREDERICK P. CRANSTON, for defendant in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS case involves the power of the Civil Service Commission of the City and County of Denver, hereinafter referred to as the commission, to increase the salary of its secretary above that fixed by ordinance of the city council. The trial court held that the commission had the power, and allowed judgment in favor of the secretary, C. R. Bigelow, who is defendant in error, in the sum of $750, being the difference (for seven and one-half months, the period sued for) between the salary of $200 a month fixed by ordinance of the city council and $300 a month fixed by the commission. The city seeks reversal on application for supersedeas and requests determination on the application, and we have concluded to dispose of the matter accordingly.

Following the filing of the complaint, reciting, inter alia, plaintiff's employment under contract at the salary of $300, and said section, 241 infra, the city filed a motion to dismiss in the nature of a demurrer, which was overruled. Answer was filed by the city and the case tried on the issue as to whether the $300 per month salary was a necessary and reasonable expense under said section 241. Numerous witnesses were called to support the claim, and the trial court held that the evidence was overwhelming that the $300 a month salary was a necessary expense and gave judgment as above indicated basing its decision principally upon *Schneider v. People ex rel.*, 95 Colo. 300, 35 P. (2d) 498.

The city relies upon section 315 of the city charter, page 161, Municipal Code 1927, which reads as follows: "All persons in the employ of the city and county, or any of the departments thereof, whose salaries or compensations are not fixed in this charter amendment, are hereby declared to be employees, and shall be appointed by the mayor or department head, and their compensation shall be fixed by ordinance, except that this provision shall not apply to the appointing or the compensation of the employees of the public utilities com-

mission, nor to the appointing of the employees of the auditor, civil service commission and election commission." This provision was a part of the Speer amendment of 1916.

On the other hand, the secretary relies upon section 241 (another charter provision), page 125, Municipal Code 1927, dealing with the Civil Service Commission, which provides: "The council shall furnish the commission with suitable offices, office furniture, rooms for examinations, books, stationery, blanks, printing, heat and light and all other necessary supplies, and shall provide for the payment of such other expenses as may be necessarily incurred in carrying out the provisions of this article." This provision was part of the charter of March 29, 1904.

The city in seeking reversal relies upon four specified points, all of which we think are comprehended in the one question, Does the complaint state a cause of action?

We think it does not. We must hold that section 315 relied upon by the city is controlling. This holding is based upon two elemental, yet fundamental, principles of construction, viz., that a specific provision is controlling over a general one, and that a later charter provision, if in conflict or inconsistent with an earlier one, is controlling. As already noted, section 241 pertains to expenses and, therefore, is general in nature. The matter of compensation is not mentioned, whereas in section 315 the language is explicit in that regard, stating that compensation shall be fixed by the city council. As already noted, section 241 was adopted as a charter provision in 1904, and section 315 by the Speer amendment in 1916. It is fair to say that the chief concern of the people in regard to the purse strings of the city was that they should be held by those responsible directly to the people. The only exception to that in section 315 concerns compensation of employees of the

public utilities (now the water board), and the reason for the exception is that the funds of the water board are not derived from general taxation.

It is understandable how counsel for Bigelow could be mislead by some of the statements contained in the opinion in the Schneider case, supra, but the only reference to employees of the commission is that "section 315 undoubtedly confers upon the commission the right to appoint" them. Nowhere is it intimated that anyone but the city council could fix the compensation, although Judge Butler, in a concurring opinion, which is dictum, does say: "Those entitled to compensation could recover judgment therefor in an action against the municipality." This can only mean, however, judgments within the limits of compensation fixed by the ordinance, where the salary of a particular employee is so fixed, as it was here. Under such circumstances, additional compensation may not be had under the guise of necessary expenses.

The leading case on the subject, while not identical with the case at bar, is that of *De Merritt v. Weldon,* 154 Cal. 545, 98 Pac. 537, cited in 43 C.J. 697, 37 Am. Jur. 881, 16 Ann. Cas. 955. It is held therein: "It may be conceded that where the state legislature has seen fit to determine by lawful act that a municipality shall have a certain designated officer to perform duties specified in the act, who shall be paid for his services a compensation, which compensation shall be fixed by the legislative body of the town * * * such legislative body of the town may not effectually provide that there shall be no compensation at all, or practically destroy the office by fixing the compensation at so low a figure that no one will discharge the duties thereof for the compensation fixed * * * But except for this limitation, the power of the body to whom the fixing of the compensation in such a case is delegated is absolute. It is required to fix a reasonable compensation for the services to be rendered, it is true, but the question what is

such a reasonable compensation is addressed solely to it, and not to the courts * * * and however much a court may disagree with the conclusion of the legislative body that a designated sum is reasonable, it may not interfere." Since it appears from the complaint herein that Bigelow had been paid $200 a month (as fixed by ordinance No. 112, series of 1941), and there is no allegation of fraud or bad faith on the part of the city council, we think the complaint is insufficient, and that all of the evidence relating to the increased salary being a necessary expense, was immaterial.

In an early Colorado case—*Locke v. City of Central,* 4 Colo. 65 (Cited in Note L.R.A. 1918 E 761)—we said in relation to a city surveyor, that he could not maintain an action of assumpsit for additional compensation "for the performance of various duties, imposed upon him by ordinance or resolution, for which no fees were fixed," and held that, "* * * having accepted the office, as long as he performs its duties, the measure of his compensation must be determined by the city authorities. * * * That during the year the plaintiff in error served the city of Central the duties of the city surveyor were more onerous than usual, by reason of the great fire that had destroyed a large portion of the city, cannot be held to affect or modify the rule here laid down. A departure from it cannot but be fraught with mischief to the public service. Whether the dictate of common honesty, under the peculiar state of facts presented by the record in this cause, should have prompted the city council to make the city surveyor additional allowance for his services, it is not out province to determine. * * * The offer to prove that the city council had paid its former 'surveyors' on bills presented from time to time *irrespective of said ordinance'* was properly rejected."

The principal case relied upon by counsel for Bigelow, aside from the Schneider case, supra, is that of *State ex rel. v. Shreveport,* 124 La. 178, 50 So. 3. In

that case the court did hold that the city council of Shreveport could not in effect abolish the office of auditor by reducing the annual salary from $1,500 to $300 and delegating to the mayor the right to fix the hours, but what the court actually did was to restore the salary to $900, the minimum amount as fixed by ordinance, recognizing the rule we have approved in the case at bar, viz., that it was the council's duty to fix the compensation.

The judgment is reversed.

MR. CHIEF JUSTICE YOUNG, MR. JUSTICE KNOUS and MR. JUSTICE BURKE concur in the result.