[Civ. No. 12744. Fourth Dist., Div. One. Jan. 29, 1974.]

DANIEL MUNOZ, Plaintiff and Appellant, v.
CITY OF SAN DIEGO, Defendant and Respondent.

## COUNSEL

Leon E. Campbell for Plaintiff and Appellant.

John W. Witt, City Attorney, and Robert S. Teaze, Assistant City Attorney, for Defendant and Respondent.

## OPINION

**AULT, J.**—This action was filed by plaintiff as an elector of San Diego to obtain a declaration that the portion of the city charter which fixes the salary of councilmen at $5,000 per annum (portion of art. III, § 12) is unconstitutional under the Fourteenth Amendment of the United States Constitution and under article I, sections 21 and 24 of the California Constitution. Plaintiff's theory is that this salary has become so inadequate as the result of inflation that it now economically discriminates against electors who have families to support, in effect imposes a property qualification for holding that public office, and thus limits the voters' choice of candidates. Plaintiff appeals from the judgment dismissing the action after a demurrer was sustained to the second amended complaint without leave to amend.

To support his claim of economic discrimination, plaintiff alleged the

following facts, among others: city councilmen are required to devote full time to the discharge of their duties and cannot reasonably supplement their salaries by outside employment; the majority of San Diego residents live in family households and are economically dependent upon the head of the household; over 82 percent of San Diego families have incomes in excess of $5,000; a San Diego family of four requires a minimum of $7,166 per year to meet their reasonable needs; one retiring councilman, prior to his resignation, qualified for several poverty aid programs; of the eight councilmen presently in office, six have independent sources of income and the remaining two are unmarried. By reason of these facts, a majority of heads of family households in San Diego are economically precluded from running for city councilman, or from serving if elected, and all electors in the City of San Diego are denied a choice of candidates for the office, in violation of the equal protection clause (Fourteenth Amendment of the United States Constitution; Cal. Const., art. I, § 21) and in violation of the prohibition against requiring property qualifications for holding public office (Cal. Const., art. I, § 24).

Appealing from the judgment of dismissal, plaintiff contends the facts alleged establish economic discrimination which violates the equal protection clause (Fourteenth Amendment of the United States Constitution; Cal. Const., art. I, § 21) and the prohibition against requiring a property qualification for holding public office (Cal. Const., art. I, § 24). "There is a 'federal constitutional right to be considered for public service without the burden of invidiously discriminatory disqualifications.' " (*Zeilenga* v. *Nelson,* 4 Cal.3d 716, 720-721 [94 Cal.Rptr. 602, 484 P.2d 578].) Plaintiff concedes the charter provision setting the salary of a councilman at $5,000 is not discriminatory on its face or in its intent, but argues the provision has become discriminatory as the value of the dollar has declined. He can cite no authority to support his contention that such economic discrimination renders the charter provision for compensation unconstitutional, but quotes the following language from *Harper* v. *Virginia State Bd. of Elections,* 383 U.S. 663, 669 [16 L.Ed.2d 169, 174, 86 S.Ct. 1079, 1083]: "In determining what lines are unconstitutionally discriminatory, we have never been confined to historic notions of equality . . . . Notions of what constitutes equal treatment for purposes of the Equal Protection Clause *do* change."

Plaintiff further contends his complaint raises a justiciable issue despite the "political question doctrine." He states in his brief the basis for the ruling on the demurrer was the court's opinion the complaint presented a nonjusticiable political question. (The record does not disclose the court's reasoning, since the minutes are silent and there is no reporter's transcript.)

■ For purposes of this appeal, we accept as true plaintiff's allegations that the compensation allowed councilmen under article III, section 12 of the San Diego City Charter does in fact discriminate against electors who are heads of families. Nevertheless, the judgment of dismissal must be affirmed because the complaint raises no justiciable issue, there being no issue as to which this court, or any court, can provide a remedy.

There is no constitutional right to receive compensation in any amount for public service. It is generally recognized there are advantages to holding public office other than financial reward. (See *Butler* v. *Williams,* 207 Cal. 732, 737 [279 P. 992].) Any right to compensation must be based upon statute (*Dougherty* v. *Austin,* 94 Cal. 601 [29 P. 1092]), and the statute will be strictly construed (*County of San Diego* v. *Bryan,* 18 Cal.App. 460 [123 P. 347]).

Under California Constitution article XI, section 5, the electorate has plenary power to provide for the compensation of its public officials through the adoption of a charter. Except for the mayor, the city councilmen and the city attorney, the charter fixes the power to set the salaries of all public officials in the city council. (§§ 70, 40.) Thus it reserves to the electorate the power to fix the salaries of councilmen. The amount of such salaries is a purely political question because it has been constitutionally committed to a political department of government, i.e., the electorate, and not to the courts. (*Baker* v. *Carr,* 369 U.S. 186, 217 [7 L.Ed.2d 663, 685-686, 82 S.Ct. 691, 710].)[1] A court has no power to fashion a remedy which would compel, or even persuade, the electorate to amend the charter so as to provide for an increase in pay in order to eliminate the alleged economic discrimination. Thus, there is no justiciable controversy. (See *Baker* v. *Carr, supra,* 369 U.S. 186, 198 [7 L.Ed.2d 663, 674, 82 S.Ct. 691, 699-700].)

The judgment is affirmed.

Brown (Gerald), P. J., and Cologne, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 17, 1974.

---

[1]In the November 1973 election (after the briefs were filed in this case), the electorate of the City of San Diego approved Proposition E. The amendments to the charter effected by the election have been ratified by the Legislature. While the ultimate power to approve or reject proposed increases in the salaries of the mayor and city councilmen is still reserved to the electorate through the right of referendum, the amendments do set up a different procedure for fixing the salaries of those officials. In addition to the reasons we have assigned for rejecting plaintiff's request, it would be inappropriate for a court to act before the new procedures have been given a chance to function.